**UNITED STATES of America**

v.

**Frank NAVARRE.**

**Crim. A. No. 31557.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

July 24, 1969.

Richard M. Olsen, Asst. U. S. Atty., New Orleans, La., for the United States.

Francis G. Weller, Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

HEEBE, District Judge.

The defendant is charged with violation of 18 U.S.C. § 111. The alleged violation occurred on October 31, 1967, and the defendant was arrested on November 2, 1967, at which time a preliminary hearing was held, and the Commis-

sioner held the defendant to answer to the district court. The indictment was finally returned against the defendant on January 22, 1969, almost fifteen months after the alleged offense, arrest and preliminary hearing before the Commissioner.

Motions for dismissal based upon delay arise from three different situations:

(1) delay between time of offense and institution of prosecution (governed by Statute of Limitations),

(2) delay between institution of prosecution (being held to answer to the district court) and filing of indictment or information (governed by the Sixth Amendment and Rule 48(b)), and

(3) delay between institution of prosecution and trial (governed by the Sixth Amendment and Rule 48(b)).

██ Obviously, in this case we are concerned with the time between institution of prosecution and presenting of the case to the grand jury (filing of indictment). Rule 48(b) provides in pertinent part:

"If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

That rule is a restatement of the inherent power of the court to dismiss for lack of prosecution. Ex Parte Altman, 34 F.Supp. 106 (S.D.Cal.1940). A motion to dismiss for lack of prosecution is addressed to the sound discretion of the trial judge. United States v. McWilliams, 82 U.S.App.D.C. 259, 163 F.2d 695 (1947); Terlikowski v. United States, 379 F.2d 501 (1967); and United States v. Verville, 281 F.Supp. 591 (D.C.Wis.1968).

" * * * if from the evidence (at the preliminary hearing) it appears to the commissioner that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the commissioner shall forthwith hold him to answer in the district court; * * * * " Rule 5(c) F.R.Crim.P.

Rule 5(c) explains the meaning of the phrase, "who has been held to answer to the district court," in Rule 48(b). In this case, there was almost a fifteen-month delay from the preliminary hearing until the filing of the indictment. Therefore, we must determine whether or not the delay was prejudicial (under, the Sixth Amendment) or unnecessary under Rule 48(b) so that dismissal is warranted.

██ Dismissal based upon a constitutional right requires stricter proof than dismissal based on nonconstitutional grounds under a Rule. In order for the court to dismiss for failure to grant a speedy trial under the Sixth Amendment, defendant must prove the following: (1) length of delay; (2) reason for delay; (3) prejudice to defendant; and (4) no waiver by defendant. See United States v. Simmons, 338 F.2d 804 (2d Cir. 1964), cert. den. 380 U.S. 983, 85 S.Ct. 1352, 14 L.Ed.2d 276 (1964). The defendant has not carried the burden for dismissal under the Sixth Amendment and dismissal on that ground is denied.

██ For dismissal on a nonconstitutional ground under Rule 48(b), the only factor which the defendant must prove is that the delay was unnecessary. There is no need for a showing of prejudice. United States v. Mark II Electronics of La., Inc., 283 F.Supp. 280 (E.D.La.1968).

Since the defendant has shown that a fifteen-month delay elapsed in this case and that absolutely none of the delay is attributable to him, we find that a prima facie case of unnecessary delay has been established. See Hedgepeth v. United States, 124 U.S.App.D.C. 291, 364 F.2d 684 (1966).

"Since the claim has prima facie merit, in view of the lapse of more than a year between appellant's arrest on

May 7, 1964, and his trial on May 12, 1965, we undertake a review of the intervening events." Hedgepeth v. United States, *supra*, at 686.

In *Hedgepeth* the plea of unnecessary delay was rejected because the court concluded that while the long delay was deplorable, some of it was fairly attributable to the defendant. However, no such circumstances exist here.

Once the defendant made a prima facie case for an unnecessary delay, the burden shifted to the government to prove that the delay was *necessary*. The government offered *no* proof to show a necessary delay and therefore has failed to carry its burden of proof. Accordingly,

It is the order of the court that the motion of the defendant to dismiss the indictment be, and the same is hereby, granted on the ground that there has been an unnecessary delay in presenting the charge to a grand jury pursuant to F.R.Crim.P. 48(b).