**UNITED STATES of America,**
**Plaintiff,**

**v.**

**George D. McKEE, Jr., a/k/a Mack N. McKee, Defendant.**

**Crim. No. 8413.**

United States District Court,
D. Wyoming.

Oct. 22, 1971.

assert their claim. *Magnus*, therefore, offers no support to the government in the instant case.

Richard V. Thomas, Cheyenne, Wyo., for the United States.

George D. McKee, Jr., in pro. per.

A. G. McClintock, Cheyenne, Wyo., for defendant.

KERR, District Judge.

## FINDINGS OF FACT

1. The alleged offense in this matter occurred on or about October 3, 1965, on or near the highway which runs through the Wind River Indian Reservation.

2. The defendant was arrested on October 3, 1965, and was taken before the United States Commissioner, where he requested a preliminary hearing. The preliminary hearing was held on October 27, 1965, and the Commissioner found probable cause to bind the defendant over on the charge of first degree murder.

3. On or about December 28, 1965, order was entered in cause No. 7845 Criminal, denying defendant's petition for writ of habeas corpus and admission to bail.

4. On February 1, 1966, an indictment was returned in criminal cause No. 7845, charging the defendant, George D. McKee, Jr., also known as Mack N. McKee, with the first degree murder of Allan St. Clair.

5. On February 2, 1966, a bench warrant was issued for the arrest of the defendant, which warrant was returned April 14, 1966, showing that the United States Marshal had arrested the defendant and that he was being held in the Cheyenne City Jail.

6. On April 15, 1966, the defendant was arraigned before this Court in cause No. 7845 Criminal and through counsel of his own choice entered a plea of not guilty.

7. On January 13, 1966, a motion was filed by the government for a mental examination of the defendant and at that time order for mental examination during a 60-day observation period was entered. By order of January 31, 1966, the period for examination was extended to April 12, 1966.

8. A psychiatric report was forwarded to this Court on April 1, 1966, stating in a cover letter that " * * * the reported findings support an adjudication by the Court that subject now has a rational as well as factual understanding of the proceedings against him and is able to assist rationally in his defense".

9. On April 15, 1966, following receipt of the psychiatric report, defendant, together with his counsel, W. Randall Boyer, of the firm of Boyer & Svilar, Lander, Wyoming, appeared before this Court for the purpose of arraignment, at which time defendant entered a plea of not guilty. Request of defendant's counsel for delivery of a copy of the report on the mental examination of defendant was taken under advisement by this Court, with the oral observation at that time that the report is by statute made confidential.

10. Following such arraignment no further action was taken in this Court

concerning request of defendant's counsel for delivery of copy of the report on mental examination. However, the then United States District Attorney, after consideration of the addendum to the psychiatric report, which stated that the defendant was not capable of controlling his conduct and was not criminally responsible at the time, concluded that in view thereof a trial upon the indictment would be futile and on July 18, 1966, with the approval and consent of the delegated authority of the Attorney General of the United States, orally moved this Court for dismissal of the indictment and written order granting the motion to dismiss was on that date entered in said cause No. 7845 Criminal.

11. On or about November 5, 1935, defendant had begun serving a life sentence in the Oklahoma State Penitentiary at McAlester, Oklahoma, from which penitentiary he was, on December 20, 1951, granted a 90-day leave of absence, and from which leave he had not returned on October 3, 1965. Prior to moving for dismissal of the indictment in cause No. 7845 Criminal, the then United States District Attorney for this District entered into negotiations with the prison authorities of Oklahoma who agreed to institute and did institute extradition proceedings for the return of defendant to the Oklahoma State Penitentiary. Defendant did not waive extradition and insofar as he was able to do so, actively resisted such extradition. After his return to Oklahoma, defendant filed habeas corpus proceedings in the State of Oklahoma, issuance of which writ was denied.

12. Delay in prosecution of the charge set forth in the indictment in cause No. 7845 Criminal was not necessitated by unlawful flight or other unavailability of the defendant or of witnesses, lack of evidence bearing upon the alleged defense, or other valid reason for delay and the dismissal of the indictment was the result of purposeful action of the Government authorities, after full investigation and with knowledge of all pertinent facts and with the then ability to present all such facts to a jury, in the bona fide belief of such law enforcement authorities that the mental condition of the defendant at the time of the alleged commission of the offense as charged was such that no conviction could be obtained. Such purposeful decision to dismiss the indictment was made with full knowledge and appreciation by the Government authorities of the laws of the State of Oklahoma pertaining to the imprisonment of criminal offenders and in the bona fide belief that the best procedure was to leave the question of defendant's future imprisonment or freedom to the discretion of the penal authorities of the State of Oklahoma.

13. The motion for and order dismissing the indictment and delivery of the defendant to the Oklahoma prison authorities were not restricted or qualified in any way and were not accompanied by any hold order or other action of the Government indicating an intention at some later date to proceed with the trial of said defendant upon the charges so dismissed.

14. Counsel, who had been retained by defendant upon an ordinary client-attorney basis and who had undertaken to defend the charge and give defendant the full benefit of their legal skill, was released of any further responsibility and understandably and properly took no further steps to investigate the facts, institute proceedings for the discovery or preservation of testimony and evidence and did not conduct the preliminary investigations and research that could best be carried on when all facts and circumstances were fresh in the minds of witnesses and counsel and was in the best position to appraise and evaluate the facts as pertinent and probative to the defense.

15. At all times since October 3, 1965, defendant has been in custody either of the United States authorities or the penal authorities of the State of Oklahoma and, during all of said period, was readily available for trial upon the charges as set forth in both indictments. Delay in prosecution of the charge of murder was in no way induced by acts of the

defendant or his legal counsel and defendant actually attempted to resist such delay by refusing to waive extradition to the State of Oklahoma.

16. Following his return to the Oklahoma penitentiary in July, 1966, defendant from time to time applied for parole and in the spring of 1971 it was recommended by the penal authorities of that state that defendant be granted such parole. Word of that impending parole reached the United States District Attorney for this District and before the same could be made effective by signature of the Governor of the State of Oklahoma, a new indictment was sought on May 20, 1971, by said District Attorney and returned by a Wyoming Grand Jury in this cause, No. 8413 Criminal, charging exactly the same offense against defendant, namely, the premeditated murder of Allan St. Clair on or within the Wind River Indian Reservation on October 3, 1965.

17. Defendant has done nothing to waive his constitutional rights to a speedy trial.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter of the action.

2. The right to a speedy trial is not a theoretical or abstract right but one rooted in hard realty on the need to have charges promptly exposed; the right to a prompt inquiry into criminal charges is fundamental and the duty of the charging authority is to provide a prompt trial. Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970).

3. The right to a speedy trial is guaranteed by Rule 48(b) of the Federal Rules of Criminal Procedure and is a fundamental right secured by the Sixth Amendment to the Constitution of the United States.

4. Rule 48(b) is a statutory enactment of the Sixth Amendment right to a speedy trial. However, it also " " * * is a restatement of the inherent power of the court .to dismiss a case for want of prosecution, and that power of the court is not circumscribed by the sixth amendment.' ". United States v. Dallago, 311 F.Supp. 227 (D.C.N.Y.1970).

5. The facts and evidence presented indicate there was no necessity or valid reason for the delay in the trial of the cause. "For dismissal on a non-constitutional ground under Rule 48 (b), the only factor which the defendant must prove is that the delay was unnecessary. There is no need for a showing of prejudice". United States v. Navarre, 310 F.Supp. 521 (D.C.La. 1969).

6. In order to dismiss an indictment for want of a speedy trial under the Sixth Amendment, it must be shown that there was a delay, and " * * that such delay was purposeful, oppressive, or prejudicial". Sanders v. United States, 416 F.2d 194 (5th Cir. 1969). See also United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966).

7. However, " ' * * * prejudice may fairly be presumed simply because everyone knows that memories fade, evidence is lost, and the burden of anxiety upon any criminal defendant increases with the passing months and years.' ". Dickey v. Florida, supra.

8. That after careful consideration of all the evidence and other matters presented leads to a reasonable inference that the filing of the new indictment was induced solely by the fact that defendant might be paroled from the Oklahoma State Penitentiary and thereby be released from custody. This in itself is unreasonable and results in oppression to the defendant.

9. Defendant was neither responsible for the dismissal of the first indictment nor for the failure thereafter, for a period of five years, to proceed further with respect to the charge therein contained.

10. Defendant has been denied a speedy trial in violation of Rule 48(b) of the Federal Rules of Criminal Proce-

dure and the Sixth Amendment to the Constitution of the United States.

11. An order will be entered dismissing the indictment for delay in prosecution without prejudice to the right of the Government to take an appeal from said order.