**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David Wayne RANKIN,**
**Defendant-Appellant.**

No. 77–5253
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 4, 1978.

Rehearing Denied May 30, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Ray Gene Smith, Wichita Falls, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

David Wayne Rankin appeals from his conviction of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We affirm.

Defendant Rankin and Doyle Kent Ogden, the defendant in a companion case, were arrested at the permanent checkpoint seven miles south of Falfurrias, Texas, on March 9, 1976. The first car to be stopped was driven by defendant Rankin. The vehicle had an Oklahoma license plate on the rear, no license plate in front, and a Fort Sill sticker. The Border Patrol agent observed that the vehicle was riding low. As Agent Reed spoke with defendant Rankin regarding his citizenship, he detected the odor of marijuana. The agent then asked defendant to open the trunk, defendant complied, and the agent discovered bricks of marijuana. Twenty-five minutes later a second vehicle, also bearing an Oklahoma license plate in the rear but not in the front, and a Fort Sill sticker, was stopped at the checkpoint. Once again, the odor of marijuana was detected, the trunk searched, marijuana found, and the driver, Doyle Kent Ogden, taken into custody. Agent Eakes testified that after defendant Rankin and Doyle Ogden were properly given the *Miranda* warnings, both defendant and Ogden admitted that Ogden was paying Rankin $1,000 to drive the vehicle to Oklahoma.

Defendant's first contention is that he was denied a speedy trial because of undue delay between arraignment and trial. Arraignment was conducted on June 28, 1976. Defendant waived speedy trial on August 11, 1976, in order to wait for the Supreme Court's decision in *United States v. Sifuentes,* which the Government viewed as crucial in this case. The waiver expressly stated that the pendency of the *Sifuentes* decision was the reason for the continuance, that defendant's case would be called at a docket call after *Sifuentes* was decided, and that the jury selection would commence

within sixty days after the docket call. It was later discovered that at the time the waiver was executed *Sifuentes* had already been decided (under the title of *United States v. Martinez-Fuerte,* 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976)). October 18, 1976 was set as the date for jury selection, but this was reset for October 28 because of a death in defense counsel's family. On October 28, jury selection was reset once again for November 23. The jury was selected on November 24, and trial set for January 20, 1977, but later rescheduled for February 3, 1977.

Thus, there was a delay of 220 days from arraignment to trial. Some of this delay is plainly attributable to defendant's waiver of speedy trial pending the outcome of *Sifuentes.* Although the Government should have discovered that *Sifuentes* had already been decided, defense counsel was also to blame. In any case, no prejudice has been claimed to have resulted from the seven-month delay here. In addition, defendant did not assert his right to a speedy trial until the date of trial. A seven-month delay is not presumptively prejudicial, and there is a satisfactory explanation for most of the 220-day period between arraignment and trial. In light of these facts, dismissal was not required. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Kilrain,* 5 Cir., 1978, 566 F.2d 979, 984; *United States v. Garcia,* 5 Cir., 1977, 553 F.2d 432.

■ The second claim advanced by defendant is that dismissal of the indictment is required because the trial court did not allow plea bargaining. The record indicates that it was prosecutorial policy to refuse to plea bargain in single indictment cases, and that the prosecution viewed plea bargaining as inappropriate in this case because of the large amount of contraband involved. As there is no constitutional right to plea bargain, *see Weatherford v. Bursey,* 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977), we reject defendant's claim. In addition, defendant argues that he was prejudiced by the trial court's refusal to allow defense counsel to ask questions of prospective jurors on voir dire, and instead permitted counsel to submit written questions to the court, which conducted the actual questioning. Under Rule 24(a) of the Federal Rules of Criminal Procedure the court may permit counsel to conduct the examination of prospective jurors, or to conduct the examination itself. Thus, it is within the trial court's discretion to conduct the examination. *See United States v. Wertis,* 5 Cir., 1974, 505 F.2d 683, *cert. denied,* 422 U.S. 1045, 95 S.Ct. 2662, 45 L.Ed.2d 697 (1975). The trial court also was correct in denying defendant's motion to suppress the evidence obtained from the search of the automobile trunk. The initial stop was justified because this checkpoint is permanent, and the subsequent olfactory identification of the marijuana gave the agent probable cause to search the trunk. *See, e. g., United States v. Vale,* 5 Cir., 1977, 558 F.2d 237.

■ The fifth contention urged by defendant is that the trial court erred in limiting the cross-examination of the Border Patrol agent who stopped defendant at the Falfurrias checkpoint. The trial court refused to allow cross-examination of the agent regarding his knowledge of the legal standards concerning border stops and searches set forth in *Almeida-Sanchez v. United States,* 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). Broad discretion is vested in the trial court in regard to limiting the scope of cross-examination. *See, e. g., United States v. Zepeda-Santana,* 5 Cir., 1978, 569 F.2d 1386. We find no abuse of discretion in this case, as the agent's knowledge of the appropriate legal standards is not relevant to the constitutionality of the stop.

■ Finally, defendant insists that it was error to admit evidence of the search and arrest of Doyle Ogden because this evidence constituted proof of an extraneous offense. There was no error, because this evidence did not fall within the proscriptions of Fed. R.Evid. 404(b), as it did not indicate or even suggest that defendant Rankin had a criminal character. The fact that Ogden was transporting marijuana under almost identical circumstances as Rankin was certainly

relevant to the issue of defendant's knowledge that his trunk contained contraband, and helped to explain the context of defendant's post-arrest admission that Ogden was paying him $1,000 to make the delivery. The relevance of this evidence was relatively high and the potential for prejudice was low.

AFFIRMED.