**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**E. John WENTLAND,
Defendant-Appellant.**

**No. 77–5423.**

United States Court of Appeals,
Fifth Circuit.

Oct. 30, 1978.

Rehearing Denied Dec. 4, 1978.

E. John Wentland, pro se.

John L. Riley, St. Petersburg, Fla. (Court-Appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Robert C. Weaver, Jr., David R. Addis, Dept. of Justice, Criminal Div., Fraud Section, Washington, D. C., William F. Duane, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before RONEY, RUBIN and VANCE, Circuit Judges.

VANCE, Circuit Judge.

On August 26, 1976, appellant, E. John Wentland, and five co-defendants were charged with aiding and abetting, mail fraud and conspiracy under 18 U.S.C. §§ 2, 1341 and 371. Appellant's first trial began on January 4, 1977. After three days of trial Wentland and one co-defendant were granted a severance and a mistrial. Wentland's second trial began on March 15 and also ended in a mistrial. Wentland was tried before a jury for the third time beginning on May 17 and was found guilty. He appealed to this court contending that he was denied a speedy trial under 18 U.S.C. § 3161, that the trial court should have instructed the jury on withdrawal from a conspiracy, and that the evidence against him was insufficient. Because we find that

appellant's contentions lack merit, we affirm.

Appellant's speedy trial contention focuses on the period between his first and second trials. His second trial began on March 15,[1] sixty-seven days after a mistrial ended his first trial on January 7, 1977.

▬▬ The Speedy Trial Act provides,

If the defendant is to be tried again following a declaration by the trial judge of a mistrial . . ., the trial shall commence within sixty days from the date the action occasioning the retrial becomes final.

18 U.S.C. § 3161(e). The statute excludes some periods of delay from this sixty-day computation. When a judge grants a continuance because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," the resulting delay is excluded. 18 U.S.C. § 3161(h)(8)(A). The congested state of the court's calendar may not be the basis for an excluded 18 U.S.C. § 3161(h)(8)(A) continuance, but, when deciding whether to grant a continuance, the trial judge may consider the complexity of the case and whether "the failure to grant such a continuance in the proceeding [will] be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Id.* § 3161(h)(8)(B)(i). For the delay to be excluded, the judge must specify in the record his or her reasons for granting the continuance. *Id.* § 3161(h)(8)(A).

The second trial of Wentland and one co-defendant was originally scheduled to begin on March 7, 1977. Wentland, however, moved for a severance, and the trial judge granted his motion on March 2. At the government's request, the judge then continued the trial until March 14. On March 14 a one-day continuance was granted, and the second trial actually began on March 15.

In its first continuance order, the trial court recognized that the sixty-day time limit in 18 U.S.C. § 3161(e) was being exceeded. The court, therefore, specifically determined that "considering the complexity of the case, the two severances granted on defense motions, and the short delay involved, the ends of justice [outweighed] the interests of the public and of the defendants in a speedy trial."

▬▬ Wentland maintains that if the period of delay permitted in 18 U.S.C. § 3161 has been exceeded dismissal of the charge against him is required under 18 U.S.C. § 3162. 18 U.S.C. § 3162 requires dismissal for violations of 18 U.S.C. § 3161(b) and 18 U.S.C. § 3161(c), but no sanction is expressly provided for violations of 18 U.S.C. § 3161(e). In any event 18 U.S.C. § 3163(c) provides that the sanctions in 18 U.S.C. § 3162 do not become effective until July 1, 1979. *United States v. Phillips,* 569 F.2d 1315, 1316 (5th Cir. 1978); *United States v. Bullock,* 551 F.2d 1377, 1381 (5th Cir. 1977); *United States v. Amendola,* 558 F.2d 1043, 1044 (2nd Cir. 1977).[2] Thus appellant is not entitled to a dismissal under 18 U.S.C. § 3162.

▬▬ Wentland also contends that the counts against him should be dismissed be-

---

1. Appellant argues that the court based the continuance on its congested calendar. The court noted that its calendar was full but based its continuance order on the complexity of the case, the severances, and the ends of justice.

The court mentioned that it was trying the last case on its January calendar and would be unable to begin the trial of either defendant immediately. In a footnote the court stated that the trial of the criminal case before it at that time had been scheduled to begin earlier but had been delayed for one week because of illness in the family of a defendant's counsel. A civil case had been tried during that week. Appellant's trial was expected to last several

weeks; consequently, scheduling it to begin during the free week would not have been practical.

2. Under 18 U.S.C. § 3164, each district is required to develop an interim plan that assures trial within ninety days to persons awaiting trial who are designated high risk offenders and to those who remain in custody. *See United States v. Strand,* 566 F.2d 530 (5th Cir. 1978); *United States v. Bullock,* 551 F.2d 1377 (5th Cir. 1977); *United States v. Phillips,* 569 F.2d 1315 (5th Cir. 1978). Sanctions are provided in 18 U.S.C. § 3164, but appellant does not fall within this section.

cause his sixth amendment right to a speedy trial was denied. In considering this contention we must consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant" in determining whether a defendant has been deprived of his or her right to a speedy trial.[3] *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *United States v. Netterville,* 553 F.2d 903, 913 (5th Cir. 1977), *cert. denied,* 434 U.S. 1009, 98 S.Ct. 719, 54 L.Ed.2d 752 (1978); *United States v. Avalos,* 541 F.2d 1100, 1110 (5th Cir. 1976), *cert. denied,* 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977); *United States v. Davis,* 487 F.2d 112, 117 (5th Cir. 1973), *cert. denied,* 415 U.S. 981, 94 S.Ct. 1573, 39 L.Ed.2d 878 (1974). If a court determines that a defendant has been denied a speedy trial, it must dismiss the indictment. *Strunk v. United States,* 412 U.S. 434, 440–41, 93 S.Ct. 2260, 2263, 37 L.Ed.2d 56 (1973); *Barker v. Wingo, supra,* 407 U.S. at 522, 92 S.Ct. 2182; *United States v. Novelli,* 544 F.2d 800, 803 (5th Cir. 1977). Dismissal, however, is not required unless the four-factor test described in *Barker v. Wingo, supra,* is met. *United States v. Garcia,* 553 F.2d 432 (5th Cir. 1977).

 Before the other three factors need be considered, the length of the delay must be found presumptively prejudicial. *Barker v. Wingo, supra,* 407 U.S. at 530, 92 S.Ct. 2182; *United States v. Canales,* 573 F.2d 908, 909 (5th Cir. 1978); *United States v. Netterville, supra,* at 913. When the delay is short and no prejudice is shown, dismissal is not required. *United States v. Kilrain,* 566 F.2d 979, 984 (5th Cir. 1978). A

sixty-seven day delay is not presumptively prejudicial, and appellant does not argue that it actually injured him in any way. *Cf. United States v. Rankin,* 572 F.2d 503, 505 (5th Cir. 1978) (seven-month delay between arraignment and trial not presumptively prejudicial); *United States v. Wyers,* 546 F.2d 599, 602 (5th Cir. 1977) (aggregate delay of fifty-five days not presumptively prejudicial); *United States v. Maizumi,* 526 F.2d 848, 851 (5th Cir. 1976) (ten and one-half month delay between arraignment and trial not unreasonably long). We conclude that under the test of *Barker* the charges should not be dismissed on sixth amendment grounds.

 Wentland next argues that the trial judge should have instructed the jury on the effect of his withdrawal from the conspiracy. Appellant neither requested such an instruction nor objected on that ground to the instructions given during the trial at which he was convicted. It is, of course, the duty of the trial court to explain the law to the jury properly. *United States v. Gonzalez,* 548 F.2d 1185, 1192 (5th Cir. 1977). When an instruction is neither challenged nor requested, however, the trial court will be reversed only if giving or omitting the instruction constitutes plain error. *United States v. Haynes,* 554 F.2d 231, 234 (5th Cir. 1977); *United States v. Muncy,* 526 F.2d 1261, 1263 (5th Cir. 1976); *United States v. Knox,* 458 F.2d 612, 613 (5th Cir.), *cert. denied,* 409 U.S. 845, 93 S.Ct. 48, 34 L.Ed.2d 85 (1972).[4] In order to be found to have withdrawn from a conspiracy, a defendant must show that he or she acted affirmatively to defeat or disavow

---

3. Although it should be considered the government's responsibility, an overcrowded court calendar should not be weighed as heavily as a deliberate attempt to delay a trial *Barker v. Wingo,* 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). An extraordinarily crowded docket justifies a delayed trial in some circumstances. *See, e.g., United States v. Methven,* 547 F.2d 896 (5th Cir. 1977); *United States v. Bloom,* 538 F.2d 704 (5th Cir. 1976), *cert. denied,* 429 U.S. 1074, 97 S.Ct. 814, 50 L.Ed.2d 792 (1977); *United States v. Pena,* 527 F.2d 1356 (5th Cir.), *cert. denied,* 426 U.S. 949, 96 S.Ct. 3168, 49 L.Ed.2d 1185 (1976).

4. Fed.R.Crim.P. 30 provides in pertinent part,

No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

On the other hand, Fed.R.Crim.P. 52(b) states, Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

the purpose of the conspiracy. *Hyde v. United States,* 225 U.S. 347, 369, 32 S.Ct. 793, 803, 56 L.Ed. 1114 (1911); *United States v. Pearson,* 508 F.2d 595, 597 (5th Cir.), *cert. denied,* 423 U.S. 845, 96 S.Ct. 82, 46 L.Ed.2d 66 (1975). Wentland showed only that he was forced by his fellow conspirators to resign from Stuart Martin Development Corporation and to execute promissory notes for the investors' funds that he had diverted to another corporation. The promissory notes were never paid. Under these facts the trial court's failure to instruct the jury sua sponte on withdrawal from a conspiracy neither affected defendant's substantial rights nor deprived him of a fair trial and was not plain error. *See United States v. Barcenas,* 498 F.2d 1110, 1113 (5th Cir.), *cert. denied,* 419 U.S. 1036, 95 S.Ct. 521, 42 L.Ed.2d 312 (1974); *Fed.R. Crim.P.* 52(b).

 Finally, Wentland insists that the evidence presented was insufficient to support his conviction for mail fraud and conspiracy. A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). If a reasonable jury could decide that the evidence is not consistent with any theory of defendant's innocence, it is sufficient. *United States v. Scott,* 555 F.2d 522, 531 (5th Cir.), *cert. denied,* 434 U.S. 985, 98 S.Ct. 610, 54 L.Ed.2d 478 (1977); *United States v. Rojas,* 537 F.2d 216, 220 (5th Cir. 1976), *cert. denied,* 429 U.S. 1061, 97 S.Ct. 785, 50 L.Ed.2d 777 (1977); *United States v. Warner,* 441 F.2d 821, 825 (5th Cir.), *cert. denied,* 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971).

Appellant was shown to have owned seventy-five percent of the stock in Stuart Martin Development Corporation and to have been the chairman of its board of directors at the time misrepresentations were made to investors and prospective investors. The down payment on Quail Tree, land held by Stuart Martin for development, had been paid with funds obtained from the sale of promissory notes to investors. Through appellant, Stuart Martin engaged brokers to sell promissory notes secured by mortgages on Quail Tree property, however, the encumbered parcels of land could not be found on the sketch referenced in the mortgage. The investors were not informed that a twenty percent commission was paid to the brokers out of their investment funds or that other mortgages encumbered Stuart Martin's property. Although appellant promised to do so, he gave the brokerage firm neither a list of encumbrances on the mortgaged property nor a statement of Stuart Martin's financial condition. Appellant invested no funds of his own in the operation, but he transferred $350,000 of the money invested in Stuart Martin to a corporation he owned that was in financial trouble. The promissory notes for this amount that he gave to Stuart Martin when he left the corporation were never repaid. Stuart Martin sold no lots and, as a consequence, had no significant earned income. The investors were unable to recover their money because the land on which they held mortgages could not be located. The mails were used in selling the promissory notes to investors. On the basis of these circumstances, we find that the government adequately proved every element of the offenses and that the evidence was sufficient to eliminate a jury's reasonable doubt of appellant's guilt. *See United States v. Prince,* 496 F.2d 1289 (5th Cir. 1974), *cert. denied,* 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 804 (1975) (conspiracy); *United States v. Warner, supra,* (conspiracy); *Kroll v. United States,* 433 F.2d 1282 (5th Cir. 1970), *cert. denied,* 402 U.S. 944, 91 S.Ct. 1616, 29 L.Ed.2d 112 (1971) (mail fraud and conspiracy); *Blachly v. United States,* 380 F.2d 665 (5th Cir. 1967) (mail fraud).

AFFIRMED.