**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Antonio BARBOZA, Defendant-Appellant.**

**No. 79–5458
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

March 3, 1980.

Roland E. Dahlin, II, Public Defender, Juan E. Gavito, Karen K. Brown, Asst. Federal Public Defenders, Houston, Tex., for defendant-appellant.

James R. Gough, John M. Potter, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

In November 1978, Antonio Barboza was indicted for violating 18 U.S.C. § 641 by

\* Fed.R.App.P. 34(a);  5th Cir. R. 18.

willfully and knowingly stealing $600.00 that belonged to the United States. He was arrested on January 29, 1979, and was arraigned on April 6, 1979. Trial was scheduled to begin on May 29; however, on that date Barboza, who was represented by the Federal Public Defender, indicated that he wished to procure retained counsel, and the trial court determined that the jury panel had only eleven members. Because Barboza wished "To get that time to see if [he] could get [retained counsel]," the court dismissed the jury and reset the case for a later jury selection. A second jury was chosen on June 21, 1979. Eleven days later, Barboza moved that the indictment be dismissed because he had not been tried within the time limits of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. During the July 3, 1979, hearing on his motion, Barboza argued, as he does before this court, that the eighty-seven day delay between his arraignment and his trial required dismissal of his indictment. The court rejected Barboza's claim, and, on the same day, Barboza was tried and found guilty by the jury. We affirm.

The provisions of the Speedy Trial Act applicable when Barboza was indicted required that he be tried within 80 days of his arraignment. 18 U.S.C. §§ 3161(c), 3161(f), 3163(b)(1). Barboza's trial was thus delayed seven days longer than the period prescribed in the Act. This delay does not, however, necessitate the dismissal of his indictment.

█ The Act's sanctions, contained in 18 U.S.C. § 3162, "require dismissal for unjustified violations of the statute's time limits." *United States v. Noll*, 600 F.2d 1123, 1126 (5th Cir. 1979). When Barboza was indicted and tried, 18 U.S.C. § 3163 provided that the § 3162 sanctions became effective on July 1, 1979. Speedy Trial Act of 1974, Pub.L. No. 93–619, 88 Stat. 2081 (1975). *See, e. g., United States v. Noll,* 600 F.2d at 1126; *United States v. Wentland,* 582 F.2d 1022, 1024 (5th Cir. 1978), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1056, 59 L.Ed.2d 96 (1979). The Act's dismissal sanction only applies to cases involving indictments or informations filed after July 1, 1979. 18 U.S.C. § 3163(c). Other cases are governed by local transitional plans.[1] Barboza was indicted and arraigned before July 1, 1979, but was tried two days after that date. The § 3162 sanctions therefore do not apply in Barboza's case.[2]

A second issue is whether the transitional plan of the Southern District of Texas, which was "designed to implement the speedy trial goals of the Act over the three year period ending June 30, 1979," requires the dismissal of Barboza's case for pretrial delay. *United States v. Phillips,* 569 F.2d 1315, 1316 (5th Cir. 1978). *See United States v. Noll,* 600 F.2d at 1127; *United States v. Bullock,* 551 F.2d 1377, 1381 (5th Cir. 1977). The Southern District of Texas' interim plan provides that a defendant arraigned between July 1, 1978, and July 1, 1979, must be tried within 80 days of his or her arraignment; however, it also specifies that a trial in a jury case begins at voir dire. Under this definition, Barboza's trial began either on May 22, when the first jury was selected, or on June 21, 1979, when the second jury was chosen; both dates were within 80 days of Barboza's arraignment. Barboza concedes in his brief that the transitional plan for the Southern District of Texas does not require the sanction of dismissal for failure to comply with its time

1. One month after Barboza's trial, § 3163 was amended to provide that "section 3162 of this chapter shall become effective and apply to all cases commenced by arrest or summons, and all informations or indictments filed, on or after July 1, 1980." Speedy Trial Act Amendments Act of 1979, Pub.L. No. 96–43, 93 Stat. 329 (1979). Because we find that, under the prior version of § 3163, the § 3162 sanctions were not applicable to Barboza's case, we need not determine the effect these amendments will have for individuals indicted after July 1, 1979, but before the 1979 amendments were signed into law.

2. The language of the recent amendments to § 3163(c) supports our determination that this case is governed by those provisions of the Act in effect at the time the indictment is filed. *See* Speedy Trial Act Amendments of 1979, Pub.L. No. 96–43, 93 Stat. 328–29 (1979). *See also,* 18 U.S.C. § 3163(b)(1).

limits in most instances. *See United States v. Phillips,* 569 F.2d at 1317.

Barboza also contends that the court should have dismissed his indictment under Federal Rule of Criminal Procedure 48(b) because the delay in bringing him to trial was unnecessary.

> To decide whether a delay is either "unnecessary" and thus warrants dismissal of the indictment under Rule 48(b), or constitutes a violation of the Sixth Amendment right to a speedy trial, we must apply the "balancing test" announced by the Supreme Court in *Barker v. Wingo,* focusing on four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right [to a speedy trial], and prejudice to the defendant." 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972).

*United States v. Noll,* 600 F.2d at 1127 (brackets in original). We need not inquire into the other factors unless "there is some delay which is presumptively prejudicial." *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). An eighty-seven day delay between arraignment and trial is not long enough to be presumptively prejudicial. *See, e. g., United States v. Rankin,* 572 F.2d 503, 505 (5th Cir.), *cert. denied,* 439 U.S. 979, 99 S.Ct. 564, 58 L.Ed.2d 650 (1978); *United States v. Maizumi,* 526 F.2d 848, 851 (5th Cir. 1976). Barboza does not claim that the delay actually harmed him in any way. We therefore find that the trial court did not err in deciding that the eighty-seven day delay between Barboza's arraignment and his trial did not warrant the dismissal of his indictment.

AFFIRMED.