UNITED STATES of America

v.

Rene Rolando GARZA

Crim. No. B–80–501.

United States District Court,
S. D. Texas,
Brownsville Division.

Dec. 4, 1980.

John Patrick Smith, E. Daniel Ramirez, Asst. U. S. Attys., Brownsville, Tex., for the United States.

Fidencio Garza, Brownsville, Texas, for defendant.

## MEMORANDUM AND ORDER

VELA, District Judge.

On the 24th day of November, 1980, there came on to be heard Defendant's Motion to Dismiss for Failure to Provide a Speedy Trial. This court, after hearing Defendant's arguments in support thereof, and after hearing the Government's opposition thereto, and after due consideration of the facts and applicable law, is of the opinion that said motion should be DENIED.

Wherefore, Premises Considered, Defendant's Motion to Dismiss is DENIED as to all particulars and Defendant is ORDERED to stand trial in this cause commencing December 8, 1980.

### FINDINGS OF FACT

1. Defendant, Rene Rolando Garza, was arrested on March 14, 1980 and charged by Magistrate's complaint, along with two Co-defendants, with knowingly and intentionally possessing with intent to distribute approximately 346 grams of heroin and ninety one grams of hashish, and with conspiracy to possess with intent to distribute such controlled substances.

2. An indictment was returned by a Federal Grand Jury sitting in Brownsville, Texas, against the Defendant and Co-Defendants on April 22, 1980, charging Defendant with one count of knowingly and intentionally attempting to possess, with intent to distribute, approximately 340 grams of heroin, and with one count of knowingly and intentionally possessing with intent to distribute approximately ninety-one grams of hashish, said cause being Criminal No. B-80-245.

3. Defendant was arraigned on said original cause on May 1, 1980, and entered a plea of Not Guilty.

4. Final pre-trial in said original cause was held on June 6, 1980.

5. A jury was selected in Criminal No. B-80-245 on July 8, 1980, but was never

sworn. Trial was scheduled to commence on July 28, 1980.

6. On July 25, 1980, the Government moved to dismiss the indictment against Defendant and one Co–Defendant in Cause No. B–80–245.

7. A superseding indictment was returned by a Federal Grand Jury sitting in Brownsville, Texas, against the Defendant and one Co–Defendant on October 7, 1980, charging Defendant with one count of knowingly and intentionally attempting to distribute a quantity of heroin and with one count of knowingly and intentionally attempting to distribute approximately ninety–one grams of hashish, said cause being Criminal No. B–80–501.

8. Defendant was arraigned in Criminal No. B–80–501 on October 14, 1980, and entered a plea of Not Guilty.

9. Final pre–trial in Criminal No. B–80 501 was held on November 24, 1980.

10. Jury selection in Criminal No. B–80- 501 was held on December 1, 1980.

## CONCLUSIONS OF LAW

The Speedy Trial Act of 1974, as amended on August 2, 1979, provides that "[s]ubject to the provisions of Section 3174(c), Section 3162 of this chapter shall become effective and apply to all cases commenced by arrest or summons and all informations or indictments filed, on or after July 1, 1980." 18 U.S.C. § 3163(c) (Supp.1980). Section 3162(b)(2) requires the dismissal of an indictment, on Defendant's timely motion, for failure to commence trial within seventy days from the date an indictment is filed.[1] Section 3174(c) provided that the chief judge of any district, with the concurrence of a planning group convened in that district, could apply to the judicial counsel of the circuit in which such district was located for implementation of Section 3162 prior to July 1, 1980. The Southern District of Texas did not adopt any local plan implementing Section 3162 prior to its statutory effective date, but did adopt a new plan governing the trial and disposition of offenses pursuant to Section 3165(3) which became effective on July 1, 1980.

■ Prior to the August 1979 amendment, the effective date for implementation of section 3162 was July 1, 1979. Such sanctions which were in effect between July 1, 1979, and August 2, 1979, did not apply to a Defendant who was indicted and arraigned before July 1, 1979, even though he was tried on July 3, 1979. *United States v. Barboza*, 612 F.2d 999 (5th Cir. 1980). The *Barboza* court noted that a case is governed by those provisions of the Speedy Trial Act in effect at the time the indictment is filed. *Id.*, at 1000, n.2. In the case at bar, Defendant was initially indicted on April 22, 1980, prior to the effective date of Section 3162 as extended by the 1979 amendment. Thus, by the Speedy Trial Act's very terms, Section 3162 sanctions are inapplicable to Defendant's original indictment. Since the local plan currently in effect provides that a trial commences at the beginning of voir dire, only fifty–five days elapsed between the date the superseding indictment was filed and the date for jury selection on December 1, 1980. Adding the eight–day period covering the July 1, 1980 effective date and the date on which the original jury was selected, the mandated seventy day period which might require dismissal would still not be reached.

■ The local plan in effect on April 22, 1980, which mandated compliance with the Speedy Trial Act, also called for trial to commence within sixty days of the date of arraignment. Thus, the sixty–eight day delay between Defendant's original arraignment on May 1, 1980, and selection of the original jury, was clearly in violation of the local plan. Likewise, the seventy–seven day delay between the filing of the original indictment and the beginning of the trial was in violation of the effective provisions of the Speedy Trial Act. Although a local plan is a binding rule of law, *United States v. Bullock*, 551 F.2d 1377, 1381 (5th Cir. 1977), dismissal is not mandated for failure

---

1. Subject, however, to any statutory extensions as provided in Section 3161(h).

to comply with the local time limits.[2] *United States v. Elorduy*, 612 F.2d 986, 988 (5th Cir. 1980).

■■■■ Even though the Speedy Trial Act and the local plans do not aid Defendant, the case is subject to dismissal if his Sixth Amendment right to a speedy trial was denied. In preserving this right, this court must consider the "[l]ength of delay, the reason for delay, the Defendant's assertion of his right, and prejudice to the Defendant". *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). If the Court determines that *Barker's* four-factor test has not been met, dismissal is not required. *Elorduy, supra; United States v. Garcia*, 553 F.2d 432 (5th Cir. 1977). Defendant did not allege any grounds for prejudice, did not address the reasons for any delay, and did not present any evidence other than stipulated facts in support of his motion. No reasons were given by the government for its delay in processing the original charges, but the superseding indictment was sought in order to clarify certain factual inaccuracies in the original indictment and to allege additional statutory violations.

The initial and only factor we must consider is whether the length of delay is presumed to have prejudiced Defendant. *Barker, supra*, at 530, 92 S.Ct. at 2192; *United States v. Canales*, 573 F.2d 908, 909 (5th Cir. 1978). When delay is short and no prejudice is shown, dismissal is not required. *U. S. v. Wentland*, 582 F.2d 1022, 1025 (5th Cir. 1978), *cert. denied*, 439 U.S.

1133, 99 S.Ct. 1056, 59 L.Ed.2d 96 (1979). The period of time between arrest[3] and the commencement of trial on December 1, 1980, is not sufficiently long to be presumptively prejudicial.[4] *See, e. g., United States v. Rankin*, 572 F.2d 503, 505 (5th Cir.) *cert. denied*, 439 U.S. 979, 99 S.Ct. 564, 58 L.Ed.2d 650 (1978) (seven month delay between arraignment and trial held not presumptively prejudicial where no prejudice was claimed by Defendant and delay was adequately explained); *United States v. Maizumi*, 526 F.2d 848, 851 (5th Cir. 1976) (ten and one-half month delay between arraignment and trial not unreasonably long). Applying the *Barker* test to the facts of this case, we conclude that no prejudice actually or presumptively resulted from the delay. *See, United States v. Kilrain*, 566 F.2d 979, 984 (5th Cir.), *cert. denied*, 439 U.S. 819, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978). *See generally, Wentland, supra*.

Having failed to come under the sanctions of the Speedy Trial Act, and having failed to make a presumptive showing of prejudice resulting from the length of delay between arrest and trial, Defendant's Motion to Dismiss for Failure to Provide a Speedy Trial must be DENIED.

)

---

2. The local plan in effect during the pendency of the original indictment provided in Section 9 that failure to comply with provisions of the Speedy Trial Act "may entitle the Defendant to dismissal of the charges against him". Current local plan Section 12 provides that the dismissal sanctions authorized by Section 3162 of the Speedy Trial Act apply only to cases commenced after July 1, 1980.

3. For purposes of applying the *Barker* test, the right to a speedy trial attaches at the time of arrest. *Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975).

4. For purposes of the local plans and the Speedy Trial Act, the total time period which would be considered in this case would be 149

days—April 22 to July 25, 1980; and October 7 to December 1, 1980. *See* 18 U.S.C. § 3161(h)(6) (Supp.1980); Local Plan § 4(d)(3) (1980), which state that the time period between the date of dismissal of the original indictment and the date on which the time period would commence to run on the subsequent charge had there been no previous charge is to be excluded from the computation (*i. e.*, the period during which Defendant is not under charges). *See also, United States v. Sebastian*, 428 F.Supp. 967 (W.D.N.Y., 1977) *aff'd*, 578 F.2d 1372 (2d Cir. 1978). *But see, United States v. LaTender*, 464 F.Supp. 607 (E.D.Wis., 1979) (time limits run from date of second indictment).