**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Phillip Kent PALMER, Joseph Philip Silverman, Ernest Smith, Freddie Daniel Milton, Edward Earl Dillingham and Wayne Franklin Dean, Defendants-Appellants.**

No. 73–1717.

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1976.

Michael N. Mantegna, Atlanta, Ga. (Court-appointed), for Palmer.

Gaines C. Granade, Atlanta, Ga., for Silverman.

Hugh Nations, Atlanta, Ga. (Court-appointed), for Smith and Milton.

William R. Gignilliat, III, Atlanta, Ga. (Court-appointed), for Dillingham.

John C. Pennington, Atlanta, Ga. (Court-appointed), for Dean.

Eugene A. Medori, Jr., Asst. U.S. Atty., John W. Stokes, U.S. Atty., Anthony M. Arnold, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TUTTLE, WISDOM * and GEE, Circuit Judges.

GEE, Circuit Judge:

Our earlier decision in *United States v. Palmer*, 502 F.2d 1233 (5th Cir. 1974), in which we rejected appellant Dillingham's sixth-amendment speedy trial claim stemming from his arrest, indictment, and conviction for his role in an interstate car theft ring, was reversed by the Supreme Court in *Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975) (per curiam), because we used different standards to evaluate pre- and post-indictment delays when we should have used the *ad hoc* approach required by *Barker v. Wingo*, 407 U.S. 514, 530–33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to analyze the entire 33-month delay here between arrest and trial.[1] *Wingo* charges us to consider four basic factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) the prejudice to the defendant. Applying these factors to the entire post-arrest pretrial period, we again affirm the conviction.

First, as the Supreme Court noted in *Wingo, id.* at 530, 92 S.Ct. 2182, the delay must be long enough to be presumptively prejudicial and thus trigger our inquiry into the other factors. Here the 33-month period, even considering the complexity of the crime involved, is plainly long enough to justify further inquiry.

Second, as to the reason for this delay, at least part of the delay must be attributed to bureaucratic negligence, as we noted in our earlier opinion. 502 F.2d at 1239. According to *Wingo,* such a relatively "neutral" reason must be weighed less heavily than deliberate prosecutorial delay but should nevertheless be considered. 407 U.S. at 531, 92 S.Ct. 2182.

Third, the point at which the defendant asserts his right is important because it may reflect the seriousness of the personal prejudice he is experiencing. *See Wingo, supra* at 531, 92 S.Ct. 2182. Here appellant first asserted his right thirty months after his arrest, which was one month after he first received notification of his indictment,[2] and he complained at that time only of the 22-month pre-indictment delay. To the extent that promptness in asserting the right is important, then appellant's silence during the entire pre-indictment period works against him because it suggests that any hardships he suffered were either minimal or caused by other factors.

Finally, the prejudice factor offers little help to appellant. We demonstrated

---

* Judge Wisdom was a member of the panel that heard oral arguments but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

1. We originally used a "substantial actual prejudice" standard to evaluate the 22-month post-arrest, pre-indictment delay and the *Wingo* approach to analyze the 11-month post-indictment pretrial delay.

2. Appellant's mobility and the government's cumbersomeness both appear responsible for the government's seven-month delay in locating appellant after the indictment issued, as we noted before. 502 F.2d at 1238.

in our earlier opinion why the prejudice to the defense caused by the 22-month delay was only minimal, 502 F.2d at 1236–37; and appellant failed to allege or prove any additional prejudice to his defense caused during the 11-month period after his indictment and before trial, *id.* at 1238. Appellant attempted to show in uncorroborated testimony that the pre-indictment delay caused him severe hardship, including loss of job and friends, divorce, separation from his children, and impairment of his health and credit rating, but in our earlier decision we explained that the connection between these alleged hardships and the pendency of appellant's case appeared insubstantial because of our doubts about appellant's credibility and of the existence of other factors—including an Army court martial, a recent larceny conviction, and state charges growing out of the car theft ring—that appeared to explain the major portion of appellant's personal problems and suggested that the mere pendency of federal charges created relatively little incremental strain on his life. *Id.* at 1237. And nothing that took place during the 11-month post-indictment period, including a seven-month period during which he was unaware of the indictment, persuades us of any significant additional personal prejudice suffered during that period as a result of the delay in bringing him to trial on the federal charges.

In sum, the tepid nature of the government's conduct, the tardiness of appellant's complaint, and the lack of substantial personal or defense prejudice resulting from the government's negligence convince us that the lengthy delay here, though certainly not inconsiderable, nonetheless did not deny appellant his sixth-amendment right to a speedy trial.

AFFIRMED.