**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Rufus WYERS,**
**Defendant-Appellant.**

**No. 76–1189.**

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1977.

J. Hue Henry, Athens, Ga. (Court-Appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., Dorothy T. Beasley, Anthony M. Arnold, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before AINSWORTH and RONEY, Circuit Judges, and ALLGOOD,* District Judge.

AINSWORTH, Circuit Judge:

Appellant Wyers was convicted of unlawfully possessing and passing counterfeit bills, in violation of 18 U.S.C. § 472. He challenges his conviction on the following grounds: (1) that there was a substantial failure to comply with the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 *et seq.*; (2) that the court erred in failing to consider appellant's motion to dismiss for failure to afford a speedy trial, pursuant to the local Rule 50(b) plan; (3) that the prosecutor erroneously injected character evidence and irrelevant comment relating to Wyers, a nontestifying criminal defendant; (4) that there was insufficient evidence to support the third count of Wyers' four-count indictment; and (5) that a "general sentence" was imposed, thus requiring retrial of all counts because of the insufficiency of evidence in support of the third count of the indictment.

* Senior Judge for the Northern District of Alabama, sitting by designation.

In his first argument, appellant contends that the trial court failed to determine whether there had been a substantial failure to comply with the Jury Selection and Service Act of 1968, and that the magistrates' findings and conclusions with respect thereto were clearly erroneous. Wyers raised the jury-selection issue on a motion to dismiss and stay further proceedings. Two federal magistrates held evidentiary hearings on his and similar motions in twenty-six other cases. The magistrates issued findings of fact and conclusions of law which were adopted by the judge in the instant case, and the judge denied Wyers' motion. In *United States v. Davis*, 5 Cir., 1977, 546 F.2d 583, which we also decide today, we consider the merits of the jury-selection issue. For the reasons set forth therein, we reject appellant's first argument. Having considered his other contentions and found them to be without merit, we affirm his conviction.

Wyers' speedy-trial claim was first raised in another motion to dismiss, based primarily on alleged noncompliance with the Plan for the United States District Court, Northern District of Georgia, for Achieving Prompt Disposition of Criminal Cases, adopted pursuant to Fed.R.Crim.P. 50(b).[1] A magistrate declined to consider the motion, which was made on the day of the trial calendar call. The magistrate recommended that the court decline to consider the motion on the grounds that it was "not timely filed, is frivolous on its face, and is nothing more than an attempted delaying tactic without merit." On the first day of trial, Wyers amended his motion, and it was overruled by the trial judge without further discussion.

Wyers alleges improper delay at three stages in the proceedings. First, he remained incarcerated and unindicted for 52 days, during which period, he alleges, he was unable to meet bond. Pursuant to Local Rule 341.1, he should have been released automatically after 30 days. *Kissal v. Henson*, N.D.Ga., No. C75–1556A, Aug. 31, 1975. While this failure to comply with the local rule resembles a speedy-trial problem, Rule 341.1 is not part of the local Rule 50(b) plan. More important, the relief anticipated under the rule is release pending trial, and that is a much less drastic remedy than dismissal of an indictment. Second, 42 days elapsed between Wyers' indictment and his arraignment. This lapse of time did not satisfy section 2(a) of the Rule 50(b) plan, which set a 30-day maximum time limit between indictment and arraignment. Third, 111 days passed between the entry of Wyers' plea of not guilty and the start of his trial, while section 2(b)(1) of the plan provided a 90-day maximum limit for such interval.[2] One of the remedies provided in the plan for failure to comply with the maximum time limits is release of the defendant from custody, pending trial. *Id.* § 4. The plan also provides:

> The court may take such other action as it deems appropriate for failure to comply

---

1. Wyers also alleged noncompliance with the local rules and with the fifth and sixth amendments. He has not raised the constitutional claim on appeal.

2. The Government takes the position that that Rule 50(b) plan is inapplicable to the instant case. Wyers was arrested on May 3, 1975, was indicted on June 24, and pled not guilty on August 5, but his trial began on Nobember 24. The Government maintains that the plan discussed in the text was superseded by a new plan, adopted August 13, 1975, in accordance with the Speedy Trial Act of 1974, 18 U.S.C. Chapter 208. The maximum time limits of the August plan applied to cases in which indictments were filed on or after September 29, 1975. Therefore, the August plan did not apply to the instant case either. The Government argues that the Speedy Trial Act applies, because it superseded the old Rule 50(b) plan on *September 29, 1975, with respect to custodial* and high-risk defendants. *See* 18 U.S.C. § 3164. The difficulty with the Government's argument is that section 3164, insofar as it relates to the instant case, pertains to "detained persons who are being held in detention *solely* because they are awaiting trial." § 3164(a)(1) (emphasis added). However, one of the reasons for Wyers' detention, according to the August 5 magistrate's order, was that there was a request from another district to hold Wyers for another crime. Therefore, we cannot say that he was being held *solely* because he was awaiting trial, and we apply the original Rule 50(b) plan.

with maximum time limits under this Plan, including but not limited to dismissal of the action for unnecessary delay as provided in Rule 48 of the Federal Rules of Criminal Procedure.

*Id.* The question before us is whether dismissal for this shortcoming was required in the instant case.[3]

█ The plan "is not inflexible and noncompliance therewith does not automatically result in dismissal," *United States v. Maizumi*, 5 Cir., 1976, 526 F.2d 848, 851, as the quoted remedial section indicates. We must decide "whether, considering the public interest, alongside the defendant's extra-plan rights, the delay is one that the purposes and the language of the Plan can tolerate." *United States v. Rodriguez*, 5 Cir., 1974, 497 F.2d 172, 176 n. 3.

█ At the outset, then, we must consider appellant's speedy-trial right as a constitutional matter, under the four-factor test enunciated by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). *See, e. g., United States v. Palmer*, 5 Cir., 1976, 537 F.2d 1287; *United States v. Shepherd*, 5 Cir., 1975, 511 F.2d 119. Length of delay, the first consideration, "is to some extent a triggering mechanism" for full *Wingo* analysis. *Wingo, supra,* 407 U.S. at 530, 92 S.Ct. at 2192. Unless there is a "presumptively prejudicial" delay, the court need never consider the other factors. *Id.* In this case, the delays at every stage complained of amounted only to a matter of days. They were *de minimus* in comparison with other delays which this court has con-

sidered,[4] and thus were not "presumptively prejudicial" so as to trigger our inquiry.

█ Even if we proceed with the inquiry, the other *Wingo* factors weigh against appellant. The reasons for the delay were unexplained, in part, and at least a portion of the delay was attributable to motions filed by Wyers himself. As to defendant's assertion of his right, although his attorney wrote letters to the magistrate and to the marshal seeking Wyers' release, these letters were not sent until after arraignment. Moreover, the first formal assertion of his right, by way of motion to dismiss, was not made until the date of the trial calendar call. Finally, Wyers has not pointed to, nor do we detect, either prejudice to his defense or personal prejudice. *See Palmer, supra,* 537 F.2d at 1289. Although "oppressive pretrial incarceration" might constitute prejudice, *Wingo, supra,* 407 U.S. at 532, 92 S.Ct. at 2193, we held in *Wingo* that even a period of 10 months' imprisonment did not amount to serious prejudice. Thus, under *Wingo* and its Fifth Circuit progeny, *see, e. g., Palmer, supra; Shepherd, supra,* Wyers has not made out a constitutional speedy-trial claim. Furthermore, our standard for dismissal of an action for failure to comply with the local plan is, in one sense,[5] higher than the constitutional test. As we said of the plan involved in *Rodriquez*:

The Plan does not require dismissal for delays which are necessary, *i. e.*, beyond the control of the court or prosecution. It is intended to expedite the processing of criminal cases—not to lay a snare for an overburdened court system. . . .

---

**3.** Appellant misstates the issue as being whether the trial court erred in failing to consider the motion to dismiss for lack of a speedy trial. Although the magistrate's report "decline[d] to consider" the motion and recommended that the district court do likewise, the trial transcript reveals that the judge overruled the motion. There is no indication of the basis of his decision. Without engaging in a purely semantic discussion, we think that the court did consider the motion, and the issue is whether his denial of it was erroneous.

**4.** *See, e. g., United States v. Palmer,* 5 Cir., 1976, 537 F.2d 1287 (33-month delay); *United*

*States v. Atkins,* 5 Cir., 1976, 528 F.2d 1352, cert. denied, —— U.S. ——, 97 S.Ct. 353, 50 L.Ed.2d 308 (30-month delay); *Maizumi, supra* (10½-month delay); *United States v. Shepherd,* 5 Cir., 1975, 511 F.2d 119 (21-month delay).

**5.** In a limited sense, the plan is stricter than the sixth amendment, though, insofar as it is up to the courts and the prosecution to make the plan work. *See Rodriguez, supra,* 497 F.2d at 175. Also, the plan itself provides in section 4 that lack of prejudice to the defendant "shall not justify non-compliance with maximum time limits established hereunder."

497 F.2d at 176. In weighing the defendant's constitutional rights against the "public interest" and the purpose of the plan, the more recent language of *United States v. Clendening*, 5 Cir., 1976, 526 F.2d 842, is instructive:

> It must be remembered that the principal aim of Rule 50(b) is to promote and safeguard the *public interest* in the quick, efficient functioning of the criminal justice process, *Rodriquez, supra*, at 175, and that in comparison, the concern to safeguard defendants' rights under the Plans is secondary. . . .

*Id.* at 847.

Since the plan's time limits were not meant to be mechanically applied, *see Clendening, supra*, 526 F.2d at 844, and "noncompliance therewith does not automatically result in dismissal," *Maizumi, supra*, 526 F.2d at 851, we find, after balancing the relevant considerations, that the trial court did not err in denying such a drastic sanction in the instant case.

■ Appellant next alleges error in a line of prosecutorial questioning at trial. During direct examination of one of the arresting officers, the prosecutor asked about the witness' conversation with appellant at the time of arrest. The officer testified, *inter alia*, that Wyers had informed him he was unemployed at the time, and had told him he was from two different places. On objections to the prosecutor's questions, the court permitted the testimony to stay in because the witness had already answered; however, the judge questioned the relevancy of the evidence. The prosecutor then attempted to explain the relevancy of one of his questions, but the court sustained the objection to that testimony.

Appellant now contends that the questioning was irrelevant, that it went to Wyers' character and thus was inadmissible under Fed.R.Evid. 404, and that the prosecutor improperly sought by comment to emphasize the testimony. The Government asserts that the prosecutorial questioning was designed to elicit facts showing Wyers' circumstances and status at the time of arrest.

The challenged testimony and the prosecutor's questioning with respect thereto cannot be denominated as character evidence. The sole issue before us involves relevancy, under Fed.R.Evid. 402, and we find it unnecessary in that regard to adopt the prosecutor's explanation on appeal as to the purpose of the challenged line of inquiry. The questioning was very brief and was halted by the court. Neither the officer's testimony nor the prosecutor's attempted explanation unfairly prejudiced appellant. The rule in this circuit is well established that the trial court's rulings as to the relevancy and materiality of evidence will not be disturbed absent a clear showing of an abuse of discretion. *United States v. Isaacs*, 5 Cir., 1975, 516 F.2d 409, *cert. denied*, 423 U.S. 936, 96 S.Ct. 295, 46 L.Ed.2d 269 (1975); *United States v. Calles*, 5 Cir., 1973, 482 F.2d 1155. The trial court did not abuse its discretion in the instant case. Therefore, appellant's contention is without merit.

■■ Appellant also alleges insufficiency of evidence in support of count three of the indictment, which charged him with uttering and publishing a counterfeit bill to one Mike Williams. Williams, an airport gate agent, did not testify at trial, and appellant asserts a failure of proof identifying Williams as the victim of the crime. There was testimony by an airport skycap that appellant gave him the bill and that he (the skycap) gave it to a gate agent to have it changed at appellant's request. The question raised by appellant's challenge is whether the skycap's testimony had adequately identified Williams as the ultimate recipient of the bill. The Government claims that the evidence was sufficient and unambiguous on this point. We must view the evidence and the reasonable inferences to be drawn therefrom on the light most favorable to the Government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Leslie*, 5 Cir., 1976, 542 F.2d 285; *United States v. Rojas*, 5 Cir., 1976, 537 F.2d 216. The test for sufficiency is whether reasonable jurors could find the evidence inconsistent with

every hypothesis of innocence. *Rojas, supra.* *United States v. Moore*, 5 Cir., 1974, 505 F.2d 620, *cert. denied*, 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975). Appellant's challenge here for insufficiency does not involve a hypothesis of innocence, but rather, the mere fact that Williams never testified to substantiate the Government's allegations. Under these standards, we hold that the evidence herein was sufficient to support count three of the indictment. Since we find no defect in the conviction on count three, we need not consider appellant's final contention that there must be a retrial of this case because a general sentence was imposed on all counts, including the allegedly faulty count.

AFFIRMED.