These three consolidated appeals involve convictions for two robberies, two kidnappings, two crimes against nature, and one grand larceny. The respective punishments were two life sentences, two twenty-year sentences, and three ten-year sentences.
All of the offenses charged to the appellant occurred during a three-day period when he escaped from the State penitentiary, where he was serving time for robbery and violation of the Alabama Controlled Substances Act.
The only question raised by appellant is whether he was deprived of his constitutional right to a speedy trial.
The chronology of events involving the seven felony offenses which are the subject of these appeals is as follows:
 April 8, 1977, indictments were returned against the appellant for the seven named felonies.
 August 6, 1980, a pro se motion for a speedy trial was filed.
 August 20, 1980, counsel was appointed to represent appellant in the above seven cases.
 August 21, 1980, motion for a speedy trial was granted in every case except circuit court case No. CC 80-1260, which was a robbery involving one of the female victims.
 August 21, 1980, a plea of not guilty was filed in each of the above cases, along with a request, and permission, to file any special pleas within thirty days.
 September 16, 1980, motion to withdraw was filed by appointed counsel and was granted in all of the above cases. *Page 213 
 September 16, 1980, the Honorable Joe Bolton was appointed to represent the appellant in all of the above cases.
 June 26, 1981, date of letter submitted by Dr. Claude L. Brown, a psychiatrist, stating that he could not evaluate appellant's mental condition at the time of the offenses due to the lapse of time.
 June 29, 1981, a plea of not guilty by reason of insanity was filed in all of the cases.
 June 29, 1981, a motion to dismiss the indictment was filed in all of the above cases.
 July 1, 1981, a jury trial was held on circuit court case No. CC 80-1260, robbery, and the appellant was found guilty and sentenced to life.
 July 30, 1981, a trial by jury was waived in five of the other six cases and the appellant was convicted and sentenced by the trial judge.
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972), the United States Supreme Court announced a balancing test, in which the conduct of the prosecution and the defendant is weighed on a case by case basis, to answer speedy trial questions. The court identified four factors that should be assessed in the determination of this question. They were: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant.
The fourth factor, prejudice, should be assessed "in the light of the interests of defendants which the speedy trial right was designed to protect." 407 U.S. at 532,92 S.Ct. at 2193. The court identified the following interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Id. The last of the three, according to the court, is the most important.
The Supreme Court observed that no single factor was determinative. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." 407 U.S. at 533, 92 S.Ct. at 2193.
In the present case, the delay of approximately four years and three months between indictment and trial was not "extraordinary." See Barker v. Wingo, supra, 407 U.S. at 533,92 S.Ct. at 2193. No evidence was presented to show that the delay was intentional on the part of the State or was done in order to hamper appellant's defense. The record seems to indicate that the delay was caused by negligence attributed to the change in administration of the prosecuting attorney's office. The Barker court noted that, although the State has the responsibility to bring the accused to trial, negligence is a "neutral" reason for delay and should be weighed less heavily against the State than deliberate delay. 407 U.S. at 531,92 S.Ct. at 2192.
For the third factor, the defendant's responsibility to assert his rights, we find nothing in the record to establish that the appellant requested a speedy trial prior to his pro se motion filed August 6, 1980, and granted August 21, 1980.
Also relevant to the issue of appellant's timely assertion of his right to a speedy trial is the point that he made a statement on March 16, 1977, admitting the offenses of robbery, crime against nature, kidnapping and theft. Shortly after the commission of crime he also appeared in a lineup and signed a form waiving his right to have counsel present.
Although appellant's statement and his appearance in the lineup cannot be considered notice to him of the charges, they are relevant circumstances in determining the timeliness of his assertion of rights. There is no explanation in the record for his three years and four months delay in requesting a speedy trial. Appellant refers to letters he wrote to the clerk's office prior to his pro se motion filed on August 6, 1980, but he presented no evidence to corroborate this point, and it is, therefore, not reviewable. Lucy v. State, 340 So.2d 840
(Ala.Cr.App.), cert. denied, 340 So.2d 847 (Ala. 1976). *Page 214 
Although we recognize that it was not the appellant's responsibility to bring his cases to trial, the failure to assert his right at an earlier time tends to indicate that if any prejudice existed it was minimal. See U.S. v. Palmer,537 F.2d 1287 (5th Cir. 1976).
The appellant maintains that, as a result of the delay in bringing his cases to trial, his defense was impaired. In particular, he claims that he was prejudiced because he was unable to perfect his insanity plea because Dr. Brown was unable to give an opinion about appellant's condition at the time of the offenses.
The record shows that the appellant filed his plea of insanity over ten months after he pleaded not guilty while being represented by his first appointed counsel. We note that appellant was given thirty days to file special pleas, and although his first counsel withdrew during that period, his second counsel was appointed within the thirty-day period. His insanity plea filed nine months later was, therefore, untimely. Further, the record indicates that sometime after September 16, 1980, the appellant, at the request of his attorney, was evaluated by a State psychologist and found competent to stand trial. No claim of insanity at the time of the offenses was made. It was only after the appellant secured the services of an independent psychiatrist that his insanity plea was filed, and it appears to have come to light after the evaluation by the State psychologist. Also we note at the time the defendant was being represented initially by his first counsel, no mention was made of his mental condition or his plea of insanity.
Moreover, we note that no evidence was presented to show an absence or loss of any witness or that any witnesses' memory had failed as a result of the delay.
Under these circumstances, we do not believe that dismissal based on an actual claim of prejudice or a reasonable possibility of prejudice as urged by the appellant is warranted. Therefore, after a consideration of the factors of prejudice, appellant's assertion of his right, together with the length of delay and the reasons applicable to each, we find that the appellant was not denied his right to a speedy trial.Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260,37 L.Ed.2d 56 (1973); Barker v. Wingo, supra.
We have searched the record and have found no error. The judgments of conviction by the Mobile Circuit Court in these consolidated appeals are affirmed.
AFFIRMED.
All the Judges concur.