LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a denial of this appellant’s petition for writ of error coram nobis by which petitioner sought to nullify seven felony convictions that had been obtained against him in the court in which the petition was filed. An evidentiary hearing was conducted by a resident judge of the circuit where the petition was filed. The convictions were the same as those that were affirmed by this Court, and in which certiorari was denied, in Stevens v. State, 418 So.2d 212 (Ala.Cr.App.1982). As stated in the first paragraph of the opinion in that case, the “Consolidated Appeals” involved “convictions for two robberies, two kidnappings, two crimes against nature, and one grand larceny.” In the opinion in the cited case, it was stated, “The only question raised by appellant is whether he was deprived of his constitutional right to a speedy trial.” The opinion then chronolo-gizes twelve dated events involving the seven felony offenses, commencing with an event of April 8, 1977, and concluding with that of July 30, 1981. The coram nobis petition was filed February 21, 1984, and the hearing thereon commenced on May 11, 1984, at which time petitioner appeared with his two attorneys, who called as a witness for petitioner the attorney who represented him on appeal in the case of Stevens v. State, supra, as well as in the trial court at the time of the judgments of conviction and sentence of him, who testified in detail as to what occurred in Stevens v. State, supra.
The only issue presented by appellant’s counsel on this appeal is thus stated in his brief:
*793 “DID APPELLANT’S CONVICTIONS VIOLATE HIS RIGHT TO DUE PROCESS OF LAW WHERE HIS TRIAL ATTORNEY OMITTED FROM THE RECORD ON APPEAL APPELLANT’S UNAMBIGUOUS ASSERTION OF HIS RIGHT TO A SPEEDY TRIAL?”
Under the caption of “STATEMENT OF FACTS” in brief of counsel for appellant, it is stated:
“The factual background of this case is summarized in the opinion on direct appeal, STEVENS V. STATE, 418 So.2d 212 (Ala.Gr.App.1982) and will not be repeated except as necessary to provide a context for additional facts developed at the coram nobis hearing.
“Stevens testified at the coram nobis hearing that on two occasions after indictment he corresponded with the Clerk of the Mobile County Circuit Court concerning the charges pending against him. (TR-30-31). By letter of July 20, 1977, Appellant noted that detainers had been filed against him as a result of the April 8, 1977 indictments, and requested that he be granted a ‘trial before this court to answer the charges now lodged against me pending in this court.’ (TR-63). By letter of November 19, 1978, Appellant again asked that the pending charges be resolved. (TR-61).
“Joseph Bolton, Appellant’s trial attorney, testified that both the July 20, 1977, and November 19, 1978, letters were included in the court file at time of trial. (TR-9-16). Bolton referred to the letters twice in the original proceedings; in a Motion to Dismiss (TR-58-59) and during argument. (TR-60).
“Bolton testified, however, that these letters were omitted from the record transmitted to the Court of Criminal Appeals on direct appeal (TR-13-16). He further testified that he became aware of the omission of these letters only after receiving the court’s opinion (TR-15-16). “Bolton testified that after learning of the omissions, he made no effort to supplement the record on rehearing before the Court of Criminal Appeals, or before the Alabama Supreme Court on petition for writ of certiorari (TR-14, 15).
“Bolton also testified that Judge Elwood Hogan, the trial Judge, had extended until the date of trial the time within which Appellant was permitted to file a plea of not guilty by reason of insanity. (TR-5-8). Bolton testified the trial was continued on several occasions to allow Stevens to be examined by a psychiatrist. (TR-7, 8).
“Jim Corbett, the prison psychologist, testified that on September 21, 1976, Appellant was administered a Minnesota Multi-Phasic Personality Inventory test which revealed he was suffering from a ‘major emotional disorder.’ (TR-39-40). “Corbett also testified that he had received a letter from Judge Hogan recommending that a psychiatric evaluation of Stevens be performed. (TR-40). A psychiatric examination was in fact ordered by the court. (TR-40). On June 17, 1981, Corbett received a letter from Judge Hogan’s secretary requesting ‘any and all reports or examinations of Stevens. It is very urgent that we receive these reports before July 30, 1981 (the trial date).’ (TR-40-42, 57).”
It is to be seen from the foregoing recitals in the brief of counsel for appellant, and we now find, that in our opinion in Stevens v. State, supra, we were mistaken as to the third factor of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the factor of “the defendant’s assertion of his right” to a speedy trial, in that we weighed such factor too heavily against Mr. Stevens. If we had known then what we now know, we would not have made such statements as “We find nothing in the record to establish that the appellant requested a speedy trial prior to his pro se motion filed August 6, 1980, and granted August 21,1980.” Nevertheless, as shown by the opinion in the cited previous case of Stevens v. State, the result of the weighing of the third factor of Barker v. Wingo, supra, against appellant was not the sole basis for our conclusion that appellant had not been denied his constitutional right to a speedy trial.
*794 We now have the benefit of what was brought to our attention in the previous case and what has been brought to our attention in the case sub judice, and we reach the conclusion therefrom that irrespective of who was at fault in not including in the record letters written by Mr. Stevens to the Clerk of the Circuit Court demanding or requesting a speedy trial of his cases, he has not been denied his constitutional right to a speedy trial. In our opinion, the record now shows that the miscellany of criminal cases against Stevens, the time devoted to questions that arose as to his mental condition at the time of the commission of the crime, and thereafter, the fact that one attorney appointed for him as an indigent withdrew as counsel, and the apparent disposition of Stevens to engage in extensive pro se activity were such as to have been a barrier to a trial of any of the cases as soon as they would have been tried if the circumstances were otherwise. The extraordinarily large number of criminal cases against Stevens, which were of an apparently unrelated nature, constituted an extraordinary drain upon the resources and ability of the trial court to arrange for a trial thereof within the usual time for trial after an indictment has been returned. In this connection, it should also be stated that apparently this is the same man whose case had been tried by the same judge that resulted in his conviction of the crime against nature, whose judgment of conviction and sentence to imprisonment for ten years was affirmed in Stevens v. State, Ala.Cr.App., 333 So.2d 852, cert. denied, Ala., 333 So.2d 855 (1976), less than a year before the indictments were returned against this appellant for the seven named felonies involved in the instant appeal. In the cited case, it appears that he was represented in this Court by an attorney different from either of the two attorneys who represented him on the petition therein to the Alabama Supreme Court for writ of certiorari, and each of the three attorneys is different from any of the four attorneys whose names appear of record in any of the cases now under consideration.
The trial court was correct in denying this appellant’s petition for writ of error coram nobis after an adequate hearing thereof. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.