ON APPLICATION FOR REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
Appellant’s application for rehearing is accompanied by a Rule 39(k), A.R.A.P., request, whereby his attorneys expressly request that this Court “adopt ... supplemental Statement of Facts as correct,” which contains three paragraphs, which we now proceed to consider.
The first paragraph of the statement by appellant’s attorneys is as follows:
“The record is devoid of any facts that the prosecution was in any way delayed by the number of cases pending against the Appellant, but the case note exhibit submitted from the District Attorney’s Office of Mobile County does imply the vindictive and selective prosecution of the Appellant in the proceedings below. The note reads in substance as follows:
“ T have certified of all of his convictions in the file, and his early release date is something like 1987; however, due to what he did, we need to add as much time as possible on top of the time he is already serving. If you get all of your witnesses together, both the three female victims and the various police officers who participated in the search and apprehension, you will be able to put him away without too much trouble; the only problem is coordinating your witnesses, (Appellant’s Exhibit # 7, TR-65).’ ”
*795 Appellant’s attorneys are correct in their quotation of the last sentence of Appellant’s Exhibit No. 7, but we decline to accept as a statement of fact to be made pursuant to Rule 39(k) that Appellant’s Exhibit No. 7 “does imply the vindictive and selective prosecution of the Appellant in the proceedings below,” as argued by appellant’s attorneys in their “STATEMENT OF FACTS.”
We decline also to accept the remainder of the “Supplemental Statement of Facts” proposed by counsel for appellant, particularly the statement that the “record is devoid of any evidence of any ‘extensive pro se activity’ by appellant,” for the reason that, as shown in the opinion on original submission of this appeal, “the apparent disposition of Stevens to engage in extensive pro se activity” is to be found in the opinion of Judge DeCarlo in Stevens v. State, in mentioning at 418 So.2d 212, 213 the “letters” appellant “wrote to the clerk’s office prior to his pro se motion filed on August 6, 1980.” These consist of a two-page letter to the Clerk of the Circuit Court dated November 19, 1978, a two-page motion captioned “Motion For Speedy Trial under the Sixth and Fourteenth Amendments to the United States Constitution” and a “Motion to Dismiss Attempt to Kidnap” charge with a notary public jurat thereon dated “this fourth day” of a month in 1980, which month appears illegible to the writer of this opinion.
The argument in appellant’s brief on application for rehearing other than the argument addressed to the Rule 39(k) request, is substantially the same as that which we considered on original submission. We abide by the opinion we have previously expressed.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED.
All the Judges concur.