PER CURIAM.
We granted certiorari to determine whether the Court of Criminal Appeals erred when it affirmed the trial court’s denial of Joseph Ralph Stevens’s petition for writ of error coram nobis. We hold that it did, and reverse and remand.
On February 21, 1984, Stevens filed a petition for writ of error coram nobis, seeking to nullify seven felony convictions. These convictions had been affirmed in Stevens v. State, 418 So.2d 212 (Ala.Cr.App.1982), and this Court had denied certiorari. After an evidentiary hearing, the trial court denied the petition on the ground that the convictions were the same as those affirmed in the previous appeal. Stevens appealed to the Court of Criminal Appeals, which affirmed. Stevens v. State, 499 So.2d 792 (Ala.Cr.App.1985).
On direct appeal in Stevens v. State, 418 So.2d 212 (Ala.Cr.App.1982), the Court of Criminal Appeals recognized the four-point test set out in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) for a determination of whether a defendant has been denied his right to a speedy trial: 1) length of delay; 2) defendant’s assertion of his right; 3) reasons for delay; and 4) prejudice to the defendant. Preparatory to its application of this balancing test, the Court of Criminal Appeals summarized Barker’s rationale:
“The Supreme Court observed that no single factor was determinative. ‘Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.’ 407 U.S. at 533 [92 S.Ct. at 2193].” 418 So.2d at 213.
Further, in its opinion on the direct appeal from the convictions, the Court of Criminal Appeals applied the first three factors in the Barker test as follows:
“In the present case, the delay of approximately four years and three months between indictment and trial was not ‘extraordinary.’ See Barker v. Wingo, supra, at 533 [92 S.Ct. at 2193]. No evidence was presented to show that the delay was intentional on the part of the State or was done in order to hamper appellant’s defense. The record seems to indicate that the delay was caused by negligence attributed to the change in administration of the prosecuting attorney’s office. The Barker court noted that, although the State has the responsibility to bring the accused to trial, negligence is a ‘neutral’ reason for delay and should be weighed less heavily against the State than deliberate delay. 407 U.S. at 531 [92 S.Ct. at 2192],
“For the third factor, the defendant’s responsibility to assert his rights, we find nothing in the record to establish that the appellant requested a speedy trial prior to his pro se motion filed August 6, 1980, and granted August 21, 1980.
“Also relevant to the issue of appellant’s timely assertion of his right to a speedy trial is the point that he made a statement on March 16, 1977, admitting the offenses of robbery, crime against nature, kidnapping and theft. Shortly after the commission of crime he also appeared in a lineup and signed a form waiving his right to have counsel present.
“Although appellant’s statement and his appearance in the lineup cannot be considered notice to him of the charges, they are relevant circumstances in determining the timeliness of his assertion of rights. There is no explanation in the record for his three years and four months delay in requesting a speedy trial. Appellant refers to letters he wrote to the clerk’s office prior to his pro se motion filed on August 6, 1980, but he presented no evidence to corroborate this point, and it is, therefore, not reviewable. Lucy v. State, 340 So.2d 840 (Ala.Cr. *797 App.), cert. denied, 340 So.2d 847 (Ala.1976).
“Although we recognize that it was not the appellant’s responsibility to bring his cases to trial, the failure to assert his right at an earlier time tends to indicate that if any prejudice existed it was minimal. See U.S. v. Palmer, 537 F.2d 1287 (5th Cir.1976).” 418 So.2d at 213-14.
It is quite obvious that the Court of Criminal Appeals’ factual premise that Stevens “presented no evidence to corroborate” his reference “to letters he wrote to the clerk's office” requesting a speedy trial not only weighed heavily against Stevens as to the third factor of Barker (defendant’s assertion of his right), but also as to the second factor (reason for delay) and the fourth factor (prejudice to the defendant).
In its affirmance of the denial of the instant coram nobis petition, the Court of Criminal Appeals stated:
“[W]e were mistaken as to the third factor of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the factor of ‘the defendant’s assertion of his right’ to a speedy trial, in that we weighed such factor too heavily against Mr. Stevens. If we had known then what we now know, we would not have made such statements as ‘We find nothing in the record to establish that the appellant requested a speedy trial prior to his pro se motion filed August 6, 1980, and granted August 21, 1980.’ Nevertheless, as shown by the opinion in the cited previous ease of Stevens v. State, [418 So.2d 212] the result of the weighing of the third factor of Barker v. Win-go, supra, against appellant was not the sole basis for our conclusion that appellant had not been denied his constitutional right to a speedy trial.
“We now have the benefit of what was brought to our attention in the previous case and what has been brought to our attention in the case sub judice, and we reach the conclusion therefrom that irrespective of who was at fault in not including in the record letters written by Mr. Stevens to the Clerk of the Circuit Court demanding or requesting a speedy trial of his cases, he has not been denied his constitutional right to a speedy trial. In our opinion, the record now shows that the miscellany of criminal cases against Stevens, the time devoted to questions that arose as to his mental condition at the time of the commission of the crime, and thereafter, the fact that one attorney appointed for him as an indigent withdrew as counsel, and the apparent disposition of Stevens to engage in pro se activity were such as to have been a barrier to a trial of any of the cases as soon as they would have been tried if the circumstances were otherwise. The extraordinarily large number of criminal cases against Stevens, which were of an apparently unrelated nature, constituted an extraordinary drain upon the resources and ability of the trial court to arrange for a trial thereof within the usual time for trial after an indictment has been returned.” (Emphasis supplied.)
Stevens’s chief argument, citing the 6th and 14th Amendments to the United States Constitution, is that he was denied his right to a speedy trial because of the delay between the time of his indictment and the time of his arraignment and appointment of counsel. We agree.
The primary source of our disagreement with the Court of Criminal Appeals lies in its emphasis on the events between August 21,1980 (the date of arraignment), and July 1, 1981 (the date of trial). As previously stated, the thrust of Stevens’s speedy trial contention centers on the delay of three years and four months between the date of his indictment (April 8, 1977), and the date of his appointment of counsel (August 20, 1980) and his arraignment (August 21, 1980). By concentrating on Stevens’s activities that contributed to the delay of approximately one year from the time of arraignment to the date of trial, the Court of Criminal Appeals weighed the balancing factors of Barker against Stevens, even after factoring in Stevens’s two pro se letters and one formal motion requesting a *798 speedy trial — all occurring during the first three-year period before his arraignment.
The record is clear to the conclusion that Stevens did nothing to contribute to the delay of his trial during the first three years and four months following his indictment. It is this inordinate length of delay, and not the one-year preparation for trial after arraignment and appointment of counsel, that is crucial to our consideration of the speedy trial issue. In this regard, we note that the only pro se activities engaged in by Stevens during this first period of three years and four months were his efforts to obtain a speedy trial. Admittedly, after his speedy trial motion was finally granted (on the date of his arraignment), the proceeding moved with all deliberate speed to the date of his trial.
We hold that the two letters requesting a speedy trial, of record for consideration on this coram nobis appeal but missing from the record on direct appeal from the convictions, constitute a factor requiring a materially different evaluation of Barker’s four-point test; and the application of that test as properly evaluated dictates a result in this coram nobis proceeding different from that reached in the direct appeal from the convictions. Under the totality of these circumstances, we find prejudice to Stevens as a matter of law.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON, BEATTY and ADAMS, JJ., concur.
MADDOX, SHORES, HOUSTON and STEAGALL, JJ., dissent.