MADDOX, Justice
(dissenting).
At first blush, it would appear that the defendant was deprived of his constitutional right to a speedy trial, but the facts of this case are such that I would affirm the judgment entered by the Court of Criminal Appeals.
Defendant Stevens was convicted in the Circuit Court of Mobile County of two robberies, two kidnappings, two crimes against nature, and one grand larceny. All of the offenses occurred during a three-day period while the defendant was on escape from the State penitentiary, where he had been serving time for robbery and violation of the Alabama Controlled Substances Act. On defendant’s direct appeal from the convictions, the sole issue he presented was whether he had been denied the right to a speedy trial. The Court of Criminal Appeals held that he was not denied that right, and this Court denied defendant’s petition for certiorari. Stevens v. State, 418 So.2d 212 (Ala.Cr.App.1982).
Of course, this case now involves a petition for writ of error coram nobis in which petitioner claims that two written requests he made pro se were not included in the original record on appeal, and that the record now shows clearly that he was denied the right to a speedy trial, because he had requested on two separate occasions that he be tried.
The Court of Criminal Appeals, on this coram nobis appeal, treated the issue of the two letters sent to the court requesting that he be tried as follows:
“It is to be seen from the foregoing recitals in the brief of counsel for appellant, and we now find, that in our opinion in Stevens v. State, [418 So.2d 212 (Ala. Cr.App.1982) ], we were mistaken as to the third factor of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the factor of ‘the defendant’s assertion of his right’ to a speedy trial, in that we weighed such factor too heavily against Mr. Stevens. If we had known then what we now know, we would not have made such statements as ‘We find nothing in the record to establish that the appellant requested a speedy trial prior to his pro se motion filed August 6, 1980, and granted August 21, 1980.’ Nevertheless, as shown by the opinion in the cited previous case of Stevens v. State, [418 So.2d 212] the result of the weighing of the third factor of Barker v. Wingo, supra, against appellant was not the sole basis for our conclusion that appellant had not been denied his constitutional right to a speedy trial.
*799 “We now have the benefit of what was brought to our attention in the previous case and what has been brought to our attention in the case sub judice, and we reach the conclusion therefrom that irrespective of who was at fault in not including in the record letters written by Mr. Stevens to the Clerk of the Circuit Court demanding or requesting a speedy trial of his cases, he has not been denied his constitutional right to a speedy trial. In our opinion, the record now shows that the miscellany of criminal cases against Stevens, the time devoted to questions that arose as to his mental condition at the time of the commission of the crime, and thereafter, the fact that one attorney appointed for him as an indigent withdrew as counsel, and the apparent disposition of Stevens to engage in extensive pro se activity were such as to have been a barrier to a trial of any of the cases as soon as they would have been tried if the circumstances were otherwise. The extraordinarily large number of criminal cases against Stevens, which were of an apparently unrelated nature, constituted an extraordinary drain upon the resources and ability of the trial court to arrange for a trial thereof within the usual time for trial after an indictment has been returned. In this connection, it should also be stated that apparently this is the same man whose case had been tried by the same judge that resulted in his conviction of the crime against nature, whose judgment of conviction and sentence to imprisonment for ten years was affirmed in Stevens v. State, Ala.Cr.App., 333 So.2d 852, cert. denied, Ala., 333 So.2d 855 (July 2, 1976), less than a year before the indictments were returned against this appellant for the seven named felonies involved in the instant appeal.”
The delay of three years and four months was a long delay, but under the facts of this case, and using the balancing test that must be used, I am of the opinion that the delay was not a deprivation of Stevens’s right to a speedy trial. In the first appeal, where all of the cases were consolidated, the Court of Criminal Appeals held:
“In the present case, the delay of approximately four years and three months between indictment and trial was not ‘extraordinary.’ See Barker v. Wingo, supra, 407 U.S. at 533, 92 S.Ct. at 2193. No evidence was presented to show that the delay was intentional on the part of the State or was done in order to hamper appellant’s defense. The record seems to indicate that the delay was caused by negligence attributed to the change in administration of the prosecuting attorney’s office. The Barker court noted that, although the State has the responsibility to bring the accused to trial, negligence is a ‘neutral’ reason for delay and should be weighed less heavily against the State than deliberate delay. 407 U.S. at 531, 92 S.Ct. at 2192.
“For the third factor, the defendant’s responsibility to assert his rights, we find nothing in the record to establish that the appellant requested a speedy trial prior to his pro se motion filed August 5, 1980, and granted August 21, 1980.

“Also relevant to the issue of appellant’s timely assertion of his right to a speedy trial is the point that he made a statement on March 16,1977, admitting the offenses of robbery, crime against nature, kidnapping and theft. Shortly after the commission of crime he also appeared in a lineup and signed a form waiving his right to have counsel present.

“Although appellant’s statement and his appearance in the lineup cannot be considered notice to him of the charges, they are relevant circumstances in determining the timeliness of his assertion of rights. There is no explanation in the record for his three years and four months delay in requesting a speedy trial. Appellant refers to letters he.wrote to the clerk’s office prior to his pro se motion filed on August 6, 1980, but he presented no evidence to corroborate this point, and it is, therefore, not reviewable. Lucy v. State, 340 So.2d 840 (Ala.Cr. *800 App.), cert. denied, 340 So.2d 847 (Ala.1976).
“Although we recognize that it was not the appellant’s responsibility to bring his cases to trial, the failure to assert his right at an earlier time tends to indicate that if any prejudice existed it was minimal. See U.S. v. Palmer, 537 F.2d 1287 (5th Cir.1976).

“The appellant maintains that, as a result of the delay in bringing his cases to trial, his defense was impaired. In particular, he claims that he was prejudiced because he was unable to perfect his insanity plea because Dr. Brown was unable to give an opinion about appellant’s condition at the time of the offenses.

“The record shows that the appellant filed his plea of insanity over ten months after he pleaded not guilty while being represented by his first appointed counsel. We note that appellant was given thirty days to file special pleas, and although his first counsel withdrew during that period, his second counsel was appointed within the thirty-day period. His insanity plea filed nine months later was, therefore, untimely. Further, the record indicates that sometime after September 16, 1980, the appellant, at the request of his attorney, was evaluated by a State psychologist and found competent to stand trial. No claim of insanity at the time of the offenses was made. It was only after the appellant secured the services of an independent psychiatrist that his insanity plea was filed, and it appears to have come to light after the evaluation by the State psychologist. Also we note at the time the defendant was being represented initially by his first counsel, no mention was made of his mental condition or his plea of insanity.
“Moreover, we note that no evidence was presented to show an absence or loss of any witness or that any witnesses’ memory had failed as a result of the delay.”
418 So.2d at 213-14 (emphasis added).
As stated by the Court of Criminal Appeals in its opinion in the present appeal, that court gave too much weight to the fact that the defendant did not request, prior to August 6, 1980, that he be tried on the charges. Nevertheless, the original opinion, Stevens, 418 So.2d 212 (Ala.Cr.App.1982) shows that the defendant “made a statement on March 16,1977, admitting the offenses of robbery, crime against nature, kidnapping and theft.” 418 So.2d at p. 213. At a lineup, he signed a form waiving his right to have counsel present. At arraignment he entered a plea of “not guilty,” and the Court of Criminal Appeals found that he “filed his plea of insanity over ten months after he pleaded not guilty while being represented by his first appointed counsel.” 418 So.2d at p. 214. Of course, one of petitioner’s main claims now is that he was deprived of introducing evidence of his insanity because of the delay.
The present proceeding is on a coram nobis petition. The function of a writ of error coram nobis is to bring to the attention of the trial court an error of fact, which, had it been known, would have prevented the judgment challenged, Bass v. State, 417 So.2d 582 (Ala.Crim.App.1982); Summers v. State, 366 So.2d 336 (Ala. Crim.App.1978). Coram nobis does not allow a petitioner to question the merits of a case or to correct an error of fact which has been adjudicated, even though wrongly determined, Johnson v. State, 439 So.2d 1340 (Ala.Crim.App.1983). In a coram no-bis proceeding, the petitioner bears the burden of submitting clear, full, and satisfactory proof, which degree is highly exacting as to the facts, and must convince the trial judge of the truth of the allegations. Summers v. State, supra.
At the evidentiary hearing, the petitioner called as a witness the attorney who represented him in the trial court at the time of the convictions and sentences and then on appeal from those convictions; that attorney testified in detail as to what occurred in those proceedings. The opinion of the Court of Criminal Appeals in the present appeal quotes from the appellant’s brief:
“Joseph Bolton, appellant’s trial attorney, testified that both the July 20, 1977, *801 and November 19, 1978, letters were included in the court file at time of trial. Bolton referred to the letters twice in the original proceedings; in a Motion to Dismiss and during argument.
“Bolton testified, however, that these letters were omitted from the record transmitted to the Court of Criminal Appeals on direct appeal. He further testified that he became aware of the omission of these letters only after receiving the court’s opinion.
“Bolton testified that after learning of the omissions, he made no effort to supplement the record on rehearing before the Court of Criminal Appeals, or before the Alabama Supreme Court on petition for writ of certiorari.
“Bolton also testified that Judge Elwood Hogan, the trial judge, had extended until the date of trial the time within which appellant was permitted to file a plea of not guilty by reason of insanity. Bolton testified the trial was continued on several occasions to allow Stevens to be examined by a psychiatrist.”
It is obvious that the omission of the two requests for a speedy trial were known to the defendant’s attorney at the time of the release of the original opinion, and that absolutely no effort was made in the Court of Criminal Appeals or in this Court to supplement the record.
There apparently was no evidence before the Court of Criminal Appeals that the delay on the part of the state was intentional, and although the defendant claims that the delay affected his right to prove his plea of not guilty by reason of insanity, this plea was filed more than 10 months after his plea of not guilty was entered, and much of the delay was occasioned by his requests for mental examinations. In view of all these facts, I would affirm the judgment of the Court of Criminal Appeals.
SHORES and HOUSTON, JJ., concur.