

**NUMBER 13-11-00474-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI ‑ EDINBURG**

---

**THE STATE OF TEXAS,**                                  **Appellant,**

**v.**

**ROGELIO TRIGO JR.,**                                    **Appellee.**

---

**On appeal from the 36th District Court
of San Patricio County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Vela**

This is a State's appeal from a motion to dismiss granted in favor of Rogelio Trigo Jr. ("Trigo"). By one issue, the State contends that the trial court erred in granting the motion to dismiss because Trigo failed to assert his speedy trial right. We affirm.

**I. BACKGROUND**

Trigo was arrested on October 15, 2009 in San Patricio County for felony drug possession, and posted bond on November 16, 2009. *See* TEX. HEALTH & SAFETY CODE

ANN. § 481.121 (West 2010). He attempted to file a motion for speedy trial in October 2010 with the San Patricio County District Clerk, but was unable to do so because there was "no case" to file it in. Instead, Trigo filed his motion with the Justice of the Peace on October 14, 2010. There is no record of an order on this motion. The State indicted Trigo on May 10, 2011, approximately nineteen months after his arrest. Trigo filed a post-indictment motion to dismiss on the ground that his right to speedy trial was violated. The motion was granted by the trial court on June 17, 2011. The State subsequently filed this appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West 2007).

## II. STANDARD OF REVIEW

We apply a bifurcated standard when reviewing the trial court's ruling on a speedy-trial motion: "an abuse-of-discretion standard for factual components, and a *de novo* standard for legal components." *Cantu v. State,* 253 S.W.3d 273, 282 (Tex. Crim. App. 2008). We view all of the evidence in the light most favorable to the trial court's ruling. *Id.* A bifurcated standard of review is also applied when considering a trial court's decision to dismiss the case. *See State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011). We give almost total deference to a trial court's findings of fact that are supported by the record. *Id.*

## III. APPLICABLE LAW

The right to a speedy trial is guaranteed independently by both the United States Constitution and the Texas Constitution. *See* U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10. The United States Supreme Court, in *Barker v. Wingo*, 407 U.S. 514, 530–31 (1972), established a framework for analyzing speedy trial claims. The *Barker* framework requires consideration of: (1) the length of the delay; (2) the reasons for the

2

delay; (3) the assertion of the right; and (4) the prejudice to the defendant. *Id.* Texas state courts analyze claims of a denial of the state speedy-trial right under the same four *Barker* factors as federal courts. *Cantu,* 253 S.W.3d at 280. No single factor is necessary or sufficient to establish a violation of the right to a speedy trial. *Barker,* 407 U.S. at 530, 533. Instead, we weigh the strength of each of the *Barker* factors and then engage in a balancing test in light of "the conduct of both the prosecution and the defendant." *See Cantu*, 253 S.W.3d at 281; *Barker*, 407 U.S. at 533. The State has the burden of justifying the length of the delay, and the accused must prove the assertion of the right to a speedy trial and prejudice. *See Cantu*, 253 S.W.3d at 280. The accused's burden of proof "varies inversely" with the State's degree of culpability for the delay: "The greater the State's bad faith or official negligence and the longer its actions delay a trial, the less (an accused) must show actual prejudice or prove diligence in asserting [the] right to a speedy trial." *Id.* at 280–81. After finding that an accused's right to a speedy trial was actually violated, the charging instrument must be dismissed with prejudice. *See Barker*, 407 U.S. at 533.

**IV. ANALYSIS**

By its sole issue, the State argues that Trigo failed to assert his speedy trial right because he did not seek relief prior to his indictment. We analyze the arguments in accordance with the Supreme Court's *Barker* decision.

**A.     First *Barker* Factor:   Length of the Delay**

The length of the delay is a "triggering mechanism" for analysis of the other factors. *Id.* at 530, 533. There is no set time element, although the court of criminal appeals has held a four-month delay to be insufficient, while finding a seventeen-month delay

3

"presumptively prejudicial." *Cantu*, 253 S.W.3d at 281; *see Phillips v. State*, 650 S.W.2d 396, 399 (Tex. Crim. App. 1983); *Pete v. State*, 501 S.W.2d 683, 687 (Tex. Crim. App. 1973). In this case, Trigo was arrested on October 15, 2009. He was not indicted until May 10, 2011. The period of approximately nineteen months delay in this case is presumptively prejudicial under *Cantu* and therefore triggers the analysis of the remaining *Barker* factors.

B. **Second *Barker* Factor: Reason for the Delay**

After the delay is determined to be presumptively prejudicial, the State must justify the delay. *Turner v. State*, 545 S.W.2d 133, 137–38 (Tex. Crim. App. 1976). "The crucial question in determining the legitimacy of governmental delay may be whether it might reasonably have been avoided—whether it was unnecessary." *Dickey v. Florida*, 398 U.S. 30, 52 (1970). In determining the necessity for the delay, the court can consider the "intrinsic importance" of the reason, as well as the length of the delay and its potential for prejudice. *Id.* "For a trivial objective, almost any delay could be reasonably avoided. Similarly, lengthy delay, even in the interest of realizing an important objective, would be suspect." *Id.*

In this case, the State failed to present any evidence as to a justification for the delay. Trigo's attorney indicated that he encountered personnel and agency problems when he attempted to get the case "moving" and was told that the case would be sent to the District Attorney's office a second time. A "deliberate attempt to delay the trial" weighs heavily against the State, while a "more neutral reason such as negligence or overcrowded courts" will be weighed less heavily. *State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999). The State did not meet its burden of providing justification for

4

the delay.   Moreover, considering Trigo's attorney's representations, it appears that, at worst, the State deliberately attempted to delay the trial and, at best, that they negligently failed to pursue this case.   *See Cantu* 253, S.W.3d at 280–81.   Accordingly, we conclude this factor weighs against the State.

**C.      Third *Barker* Factor:    Assertion of the Speedy-Trial Right**

The Supreme Court has held that the accused "need not await indictment, information, or other formal charge" in order to invoke the speedy trial provision. *Dillingham v. United States*, 423 U.S. 64, 65 (1975).   In this case, Trigo filed his motion for speedy trial in the Justice of the Peace court approximately seven months before his indictment.   Trigo's attorney indicated that he attempted to file the motion with the proper court and was not allowed to because no pre-indictment case file existed in the court. The State seems to argue that because the Justice of the Peace was the wrong court, Trigo did not actually assert his right.   Trigo's attempted assertion of his speedy trial right "is entitled to strong evidentiary weight in determining whether the [accused] is being deprived of the right."   *See Cantu,* 253 S.W.3d at 283.   If Trigo had not demanded a speedy trial in a timely manner, then the court could infer that he did not really want a speedy trial.    But in this case his action of filing the speedy trial motion showed his intent to assert his right.    *See Harris v. State*, 827 S.W.2d 949, 957 (Tex. Crim. App. 1992). Even though the original motion for speedy trial was filed in the wrong court, we conclude that this factor does not weigh against Trigo, as he asserted his right and his intent was clear from his actions.

**D.    The Fourth *Barker* Factor:    Prejudice**

While a showing of actual prejudice is not required in Texas, Trigo had the burden to make some showing of prejudice that was caused by the delay of the trial.    *See Harris v. State,* 489 S.W.2d 303, 308 (Tex. Crim. App. 1971).    The Fifth Circuit has determined that silence during the pre-indictment period can work against the accused because "it suggests that any hardships he suffered were either minimal or caused by other factors." *United States v. Palmer,* 537 F.2d 1287, 1288 (5th Cir. 1976).    In this case, Trigo was not silent and, instead, took actions in furtherance of a trial and in order to prevent prejudice. Trigo's attorney stated that he "contacted D.P.S. troopers . . . tracked down the initial arresting officer; he switched agencies.    His successor took over the case, informed us the case had already been sent on to the D.A.'s office, but he would do it again."

The most serious interest protected by a right to a speedy trial is the prevention of an impairment of a defense.    *Barker,* 407 U.S. at 531.    Trigo represented in his motion for speedy trial (filed seven months before his indictment and a year after his arrest) that the delay "has prejudiced Rogelio Trigo's ability to defend himself against the charge in this case."

This Court views Trigo's continued pursuit of a speedy trial, as well as his representation of his impaired ability to defend himself, as substantial proof that Trigo suffered some prejudice due to the delay.    Therefore, we conclude this factor weighs in favor of Trigo.

## V. BALANCING THE *BARKER* FACTORS

In evaluating a speedy trial claim, we must balance the State's conduct against the defendant's and consider the four factors together.    The State failed to provide evidence

6

of justification for the delay or any excuse as to the nineteen months that passed between Trigo's arrest and indictment. These factors weigh against the State. Trigo in no way contributed to the delay and attempted to assert his speedy-trial right at an appropriate juncture. These factors weigh in favor of Trigo. The record in this case supports the trial court's granting of Trigo's motion to dismiss, and we cannot conclude the trial court abused its discretion in doing so. *See Zamorano v. State,* 84 S.W.3d 643, 648 (Tex. Crim. App. 2002); *Munoz,* 991 S.W.2d at 821; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

## VI. CONCLUSION

We affirm the judgment of the trial court

ROSE VELA
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of July, 2012.

7